1 | GENE TANAKA, Bar No. 101423
gene.tanaka@bbklaw.com
2 | JESSICA K. LOMAKIN, Bar No. 284640
jessica.lomakin@bbklaw.com
3 | BEST BEST & KRIEGER LLP
2001 North Main Street
4 | Suite 390
Walnut Creek, CA 94596
5 | Telephone: (925) 977-3300
Fax: (925) 977-1870
6 |
Attorneys for Defendants
7 | TOWN OF HILLSBOROUGH and the CITY
COUNCIL OF THE TOWN OF HILLSBOROUGH
8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11 |

12 | CROWN CASTLE NG WEST LLC, a
Delaware limited liability company,

Case No.  3:18-cv-02473-JSC

13 | Plaintiff,

**NOTICE OF MOTION AND
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

14 |
v.

15 |
TOWN OF HILLSBOROUGH, a
16 | California municipality; CITY COUNCIL
OF THE TOWN OF HILLSBOROUGH,
17 | its governing body, AND DOES 1-10, ,

Date:       June 28, 2018
Time:       9:00 a.m.
Courtroom: F
Judge:      Hon. Jacqueline Scott Corley
            United States Magistrate Judge

18 | Defendants.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on June 28, 2018 at 9:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Jacqueline Scott Corley, at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Town of Hillsborough and the Hillsborough City Council (collectively, the "Town"), will and hereby does, move to dismiss certain of Crown Castle NG West's ("Plaintiff") claims made in its Petition for Writ of Mandate and Complaint pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. Specifically, the Town asks that the Court dismiss Plaintiff's First, Third, Fourth and Fifth causes of action because the Plaintiff lacks standing, fails to state viable claims for relief against the Town.  The Town also moves to dismiss the entirety of the Complaint because Plaintiff has failed to join an indispensable party.

Dated: May 21, 2018                                    BEST BEST & KRIEGER LLP


By:   _/s/ Jessica K. Lomakin_
          GENE TANAKA
          JESSICA K. LOMAKIN
          ATTORNEYS FOR DEFENDANTS
          TOWN OF HILLSBOROUGH AND THE
          CITY COUNCIL OF THE TOWN OF
          HILLSBOROUGH

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

III.    STANDARD FOR MOTION TO DISMISS ................................................................. 4

        A.      12(b)(1) Standing ............................................................................................... 4

        B.      12(b)(6) – Failure to State a Cause of Action ................................................... 5

        C.      12(b)(7) – Failure to Join A Necessary Party.................................................... 6

IV.     PLAINTIFF'S FIRST CAUSE OF ACTION MUST BE DISMISSED........................... 6

        A.      Plaintiff Lacks Standing To Assert Its First Cause of Action ............................ 6

        B.      Plaintiff Fails to State a Cause of Action Under 42 U.S.C. § 332 ....................... 7

V.      THE THIRD CAUSE OF ACTION (SECTION 253) MUST BE DISMISSED ............... 9

        A.      Plaintiff's Cannot File a Claim Under Both Sections 253 and 332(c)(7) .............. 9

        B.      Plaintiff Has Failed to Allege a  Prohibition Actionable Under Section 253 ....... 11

VI.     PLAINTIFFS' FOURTH CLAIM FOR RELIEF (UNDER SECTION 7901 AND
        7901.1) MUST BE DISMISSED BECAUSE PLAINTIFF IS NOT THE ENTITY
        PROVIDING "LINES" WITHIN THE MEANING OF THOSE SECTIONS ................. 12

VII.    PLAINTIFF'S FIFTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MUST
        BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION ........................ 13

        A.      Plaintiff Alleges Ample Due Process on the Face of the Complaint ................... 15

        B.      Due Process Under Sections 253 and 332 is Limited by Their Own Terms......... 16

        C.      Plaintiff is Currently Invoking the State's Adequate Mandamus Procedures....... 17

VIII.   PLAINTIFF HAS FAILED TO JOIN AN INDISPENSABLE PARTY ......................... 18

IX.     CONCLUSION ............................................................................................................. 19

i

1

## TABLE OF AUTHORITIES

2

Page

3

**Federal Cases**

4

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
5
    300 U.S. 227 (1937) ..................................................................................................4

6

*Allen v. Wright*
    468 U.S. 737 (1984) .............................................................................................5, 6

7

*American Tower Corp. v. City of San Diego*
8
    763 F.3d 1035 (9th Cir. 2014) ...............................................................................8

9

*APT Pittsburg Ltd. Partnership v. Penn Tp. Butler County of Pennsylvania*
10
    196 F.3d 469 (3d Cir. 1999) ...............................................................................7, 8

11

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................5, 6, 14
12

13

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ...............................................................................................5

14

*Board of Regents v. Roth*
15
    408 U.S. 564 (1972) .............................................................................................14

16

*City of Arlington, Tex. v. FCC*
    569 U.S. 290 (2013) ...............................................................................................9

17

*City of Rancho Palos Verdes, Cal. v. Abrams*
18
    544 U.S. 113(2005) .............................................................................................13

19

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011.) ...............................................................................5
20

21

*Continental Air Lines, Inc. v. Dole*
    784 F.2d 1245 (5th Cir. 1986) .............................................................................14

22

*Coto Settlement v. Eisenberg*
23
    593 F3d 1031 (9th Cir. 2010) ...............................................................................6

24

*Cox Communications PCS, L.P. v. City of San Marcos*
    204 F.Supp.2d 1272 (S.D. Cal. 2002) ...................................................................9
25

26

*Creative Environments, Inc. v. Estabrook*
    680 F.2d 822 (1st Cir.1982.) ...............................................................................16

27

*Duncan v. Walker*
28
    553 U.S. 168 (2001) .............................................................................................10

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*Federal Ins. Co. v. SafeNet, Inc.*
   758 F.Supp.2d 251 (S.D.N.Y. 2010)............................................................................6

*Global Tower Assets, LLC v. Town of Rome*
   810 F.3d 77 (1st Cir. 2016) ......................................................................................17

*Graham v. Connor*
   400 U.S. 386 (1989) ................................................................................................13

*GTE Mobilenet of Cal. Ltd. V. City of San Francisco*
   440 F.Supp.2d 1097 (N.D. Cal. 2006) .....................................................................12

*Haley v. City of Boston*
   657 F3d 39 (1st Cir. 2011) ....................................................................................2, 6

*Hannah v. Larche*
   363 U.S. 420 (1960) ................................................................................................14

*Jones v. Community Redevelopment Agency*
   733 F.2d 646,649 (9th Cir. 1984) ...........................................................................14

*Lake Nacimiento Rancho Co. v. County of San Luis Obispo*
   841 F.2d 872,878 (9th Cir 1987)........................................................................17, 18

*Level 3 Communications, LLC v. City of St. Louis, Mo.*
   477 F.3d 528 (8th Cir. 2007)....................................................................................11

*Lexmark Intern, Inc. v. Static Control Components, Inc.*
   134 S.Ct. 1377 (2014) ...............................................................................................5

*Licari v. Ferruzzi*
   22 F.3d 344 (1st Cir. 1994) ......................................................................................18

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ...................................................................................................4

*Maya v. Centex Corp.*
   658 F.3d 1060 (9th Cir. 2011)....................................................................................4

*MetroPCS, Inc. v. City & Cty. of San Francisco*
   400 F.3d 715 (9th Cir. 2005)......................................................................................7

*Midnight Sessions, Ltd. v. City of Philadelphia*
   945 F.2d 667 (3d Cir. 1991)................................................................................14, 17

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

iii

**TABLE OF AUTHORITIES**
(continued)

Page

*Simon v. Eastern KY Welfare Rights Organization*
    426 U.S. 26 (1976) ............................................................................................4

*Sprint Telephony PCS, L.P. v. County of San Diego*
    490 F.3d 700 (9th Cir. 2007).....................................................................8, 10, 11

*Sprint Telephony PCS, L.P. v. Cty. of San Diego*
    543 F.3d 571 (*en banc* 9th Cir. 2008) ..................................................................13

*T-Mobile S., LLC v. City of Roswell, Ga.*
    135 S. Ct. 808, 190 L. Ed. 2d 679 (2015) ...........................................................7

*T-Mobile USA, Inc. v. City of Anacortes*
    572 F.3d 987 (9th Cir 2009)..................................................................................8

*United Artists Theatre Circuit, Inc. v. Township of Warrington*
    316 F.3d 392 (3d Cir. 2003)................................................................................14

*Valley Forge Christian College v. Americans United for Separation of Church and
    State, Inc.*
    454 U.S. 464 (1982) .........................................................................................5, 6

*Vertical Broad, Inc. v. Town of Southampton*
    84 F.Supp.2d 379 (E.D.N.Y. 2000.) ................................................................9, 10

*Viacom Int'l, Inc. v. Kearney*
    212 F.3d 721 (2d Cir.2000).................................................................................6

*Walters v. National Association of Radiation Survivors*
    473 U.S. 305 (1985) ............................................................................................14

*Washington v. Harper*
    494 U.S. 210 (1990) ............................................................................................14

*Withrow v. Larkin*
    421 US 35 (1975) ................................................................................................15

*Woodbury v. McKinnon*
    447 F.2d 839 (5th Cir. 1971)...............................................................................14

*Zinermon v. Burch*
    494 U.S. 113 (1990) ............................................................................................17

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

iv

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**State Cases**

*City of Huntington Beach v. Public Utilities Com.* (2013)
  214 Cal.App.4th 566 ................................................................................12

**Federal Statutes**

42 U.S.C. § 332 ..............................................................................10, 17

47 U.S.C. § 332(c)(7) .............................................................6, 7, 9, 17

47 U.S.C. § 332 (c)(7)(B)(i)(II) ................................................................8

47 U.S.C. § 546 ......................................................................................17

47 U.S.C § 253 ........................................................................................9

**State Statutes**

Hillsborough Muncipal Code § 15.32.080 ..............................................2

Hillsborough Muncipal Code § 15.32.090 ...........................................2, 3

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ................................................4

Federal Rules of Civil Procedure 8 .........................................................5

Federal Rules of Civil Procedure Rule 8(a)(2) ......................................14

Federal Rules of Civil Procedure 12(b)(6) ..............................................5

Federal Rules of Civil Procedure Rule 12(b)(7) ......................................6

Federal Rules of Civil Procedure Rule 19 ...............................................6

Federal Rules of Civil Procedure Rule 19(a) ...........................................6

Federal Rules of Civil Procedure Rule 19(a)(1) ......................................6

**Regulations**

*In the Matter of California Payphone Ass'n Petition for Preemption of Ordinance
  No. 576 NS of the City of Huntington Park, California Pursuant to Section
  253(d) of the Communications Act of* 1934, F.C.C. Rcd. 14191 (1997)..................................11

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Court should dismiss Plaintiff's First, Third, Fourth and Fifth causes of action for lack of standing and failure to state a cause of action.  Moreover, Plaintiff's entire Complaint should be dismissed because it has failed to name an indispensable party, Verizon Wireless, identified in the "Corporate Disclosure Statement and Certification of Interested Entities" as "Lessee" of certain of Plaintiff's facilities.  Among other things, Plaintiff claims that the Town has effectively prohibited the provision of personal wireless services without alleging that it provides personal wireless services.  It has admitted elsewhere it does not provide such services. Plaintiff files a broader claim of prohibition under a different provision of law without actually identifying what has been prohibited, or pleading the elements of the claim.  Even more perplexing are Plaintiff's allegations that it was denied due process despite admitted participation in a lengthy public hearing process, the existence of a substantial written record and a judicially approved appeal by Writ of Mandate – a process Plaintiff is actively exercising in this action. For the reasons set forth herein and developed more fully below, the Town respectfully requests that Plaintiff's First, Third, Fourth and Fifth causes of action and Plaintiff's Complaint be dismissed.

## II.   BACKGROUND

Chapter 15.32 of the Hillsborough Municipal Code ("HMC") establishes the permitting requirements for wireless facilities within the Town's public right-of-way. (Complaint, ¶ 24; Request for Judicial Notice ("RJN"), Exhibit "A."  Pursuant to Chapter 15.32, on January 4, 2017, Plaintiff submitted 16 applications to install and operate new wireless facilities (collectively, the "Applications") for its 16-node distributed antenna system ("DAS Project.") Complaint, ¶¶ 22 & 24.  According to Plaintiff, each application was for an individual node that would, together with the fiber connections separately applied for, form a single integrated "distributed antenna system" or "DAS" to provide a larger wireless telecommunications network within the Town's public right-of-way. Complaint, ¶¶ 22 & 24.  Plaintiff also contends that these filings triggered the start of the 150-day federal shot clock for a decision on Plaintiff's Applications. Complaint, ¶ 26.

Over the next year, the Town staff and Plaintiff worked collaboratively to review Plaintiff's Applications through a series of notices of incompleteness and resubmittals. Complaint, ¶¶ 24 - 27. The federal shot clock deadline was mutually extended twice. Complaint, ¶ 26. On October 31, 2017, public notices were mailed containing proposed findings of approval for all 16 applications, and indicated the City Manager would act on the Applications.[1] Complaint, ¶¶ 27 & 28. With Plaintiff's mutual agreement, the federal shot clock was extended a third time to facilitate a community meeting on the Applications on December 7, 2017. Complaint, ¶ 30.

On December 20, 2017, the City Manager issued a written decision, consisting of two separate documents detailing its findings, and denying Plaintiff's Applications. Complaint, ¶¶ 31-34.

Plaintiff appealed the City Manager's decision denying its DAS Project to the City Council on January 3, 2018 pursuant to HMC section 15.32.090. Complaint, ¶36; RJN, Exh. "A." A public hearing on the appeal was held at the City Council's regular meeting on March 12, 2018. Complaint, ¶37. The public hearing permitted comment from Plaintiff as well as the public, followed by a second opportunity for the Plaintiff to comment in rebuttal. Complaint, ¶39. In addition, while the discussion at Complaint, ¶39 omits any reference to it, the Complaint at paragraphs 47-48 shows that Plaintiff took advantage of its ample opportunities to submit written materials to City Council. Indeed, Plaintiff claims that the evidence submitted was substantial enough to satisfy its obligations under the Town's Code, and to prove that denial would result in an effective prohibition.[2] After closing the public hearing, the City Council directed the City Manager to prepare a resolution of written finding(s) upholding the City Manager's denial decision with certain modifications. Complaint, ¶40.

---

[1] The public notice is required by HMC Sections 15.32.060 and 15.32.080 before the City Manager can take action. Under the ordinance, the public notice itself is not the decision of the City Manager. Chapter 15.32 dictates the standards that must be applied in making a decision.
[2] The City Manager's Decision and the City Council's decision were referenced in the Complaint but not attached. True copies are attached the Town's RJN as Exh. "B" & "C" and those describe the materials presented and relied upon. The Court may consider these documents in resolving this Motion. *Haley v. City of Boston* 657 F3d 39, 46 (1st Cir. 2011).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1    On March 26, 2018, the City Council voted unanimously to adopt a Denial Resolution

2    consisting of written findings based upon the Council's deliberations.   Complaint, ¶ 41.   The

3    Resolution denied the Plaintiff's Applications in satisfaction of HMC section 15.32.090's

4    requirements. Complaint, ¶ 42.

5    The DAS that Plaintiff provides is described in the Complaint, but the Complaint blurs

6    distinctions among the elements of the facility and the ownership and operation of the DAS.

7    Those distinction are, however, made reasonably clear by filings made by Plaintiff's Application,

8    as well as other filings of which the court may properly take notice.

9    A DAS consists of several nodes, each of which includes an antenna (and the associated

10    electronics) used in providing wireless communications; and a transport medium (usually a fiber

11    optic connection) that carries signals from the nodes back to a hub (a central processing facility).

12    In a filing with the Federal Communications Commission ("FCC"), subsequently withdrawn,

13    Plaintiff explained that it does not provide any wireless services. *NextG Networks of California,*

14    *Inc. Petition For Declaratory Ruling*, Federal Communications 21, 2011WT Docket 12-27 (filed

15    December 21, 2011) at 2 ("*Petition*").[3] As the *Petition* explains, Plaintiff does not even own the

16    entirety of the facility that is part of what it describes as the integrated DAS: notably, the antenna

17    at the "DAS" node is owned and operated by a carrier, like Verizon Wireless.[4]   The "transport

18    services" that Plaintiff provides via the fiber from the antenna to the hub (referred to by Plaintiff

19    as "backhaul") do not actually begin or include the antenna facilities at the DAS node, but,

20    according to the *Petition*, begin at a point where the wireless signals are converted into a form in

21    which they may be carried via fiber landlines to a hub.[5]   The application filed by Plaintiff and

22    attached hereto confirms these points: the operator of the radio frequency elements of the node is

23    identified as Verizon Wireless.[6]   As Plaintiff affirmed to the FCC, "all RF [radio frequency]

24

25    [3] A true and correct copy is attached to the Town's RJN as Exh. "D."

     [4] *Id* at 2-3

26    [5] *Id.* at 2-3

     [6] See, e.g., "Background Information" section of Plaintiff's completed "Optional Checklist for

27    Local Government To Determine Whether a Facility is Categorically Excluded" which was
     submitted as part of each of Plaintiff's 16 Applications filed on January 4, 2017. All 16

28    Applications identified Verizon Wireless. The example is for node H01.  A true and correct copy
     is attached to the Town's RJN as Exh. "E."

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1  transmissions and wireless services" are controlled by Plaintiff's customers, not Plaintiff.[7]  That

2  also explains why the "gap" information to which Plaintiff refers to in its Complaint does not

3  actually refer to a gap in Plaintiff's service – it refers to a gap in Verizon Wireless' service.[8]

4  **III.   STANDARD FOR MOTION TO DISMISS**

5       **A.   12(b)(1) Standing**

6       In Federal Court, an action may only be adjudicated if there is an actual case or

7  controversy; the Court may not render advisory opinions as to what the law ought to be or

8  affecting a dispute that has not yet arisen.  *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*  300

9  U.S. 227, 240 (1937).  The concept of standing is an integral part of "the constitutional limitation

10  of federal court jurisdiction to actual cases or controversies." *Simon v. Eastern KY Welfare Rights*

11  *Organization*, 426 U.S. 26, 41-42 (1976).  A motion to dismiss for want of standing implicates

12  the court's subject matter jurisdiction, and is therefore appropriately brought under Federal Rule

13  of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  It is

14  well established that absent Article III standing, a federal court does not have subject matter

15  jurisdiction to address a plaintiff's claims and they must be dismissed. *Id.*

16       The "irreducible constitutional minimum of standing contains three elements." *Lujan v.*

17  *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, the plaintiff must have suffered an injury

18  in fact—an invasion of a legally protected interest that is (a) concrete and particularized, and (b)

19  actual or imminent, not conjectural or hypothetical. (*Id.*)  A particularized injury is one that

20  affects the plaintiff in a personal and individualized way. *Id.* at n.1.  Second, there must be a

21  causal connection between the injury and the conduct complained of—the injury has to be "fairly

22  … traceable to the challenged action of the defendant and not the result of the independent action

23  of some third party before the court." *Id.*at 560-61 (citing *Simon* 426 U.S. at 41-42).  Third, it

---

[7] The statements to the FCC can't be dismissed as misstatements.  Plaintiff has stipulated that it does not provide wireless services in other district court litigation. *Crown Castle NG Atl. LCC v. City of Newport News*, No. 4:15CV93, 2016 WL 4205355, at *3 (E.D. Va. Aug. 8, 2016).

[8] *See, e.g.*, Excerpt of Exhibit B to Letter dated June 6, 2017 from Plaintiff's outside attorney Mr. Michael Shonafelt, to Mr. Paul Willis, Public Works Director of the Town, showing RF coverage for the 2100 MHz band of Verizon Wireless service. All 16 Applications included Verizon Wireless documentation on RF coverage and alleged gaps. The example is for node H01. A true and correct copy is attached to the Town's RJN as Exh. "F."

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* (citing *Simon*, 426 U.S. at 38). To meet the first element of a concrete or particularized injury, a plaintiff must demonstrate that it is the proper party to bring the matter to the court for adjudication. Erwin Chemerinksy, *Federal Jurisdiction* § 2.3.1, at 57 (5th ed. 2007); *Allen v. Wright,* 468 U.S. 737 (1984) abrogated on other grounds in *Lexmark Intern, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377 (2014). A plaintiff is barred from raising another personal's legal rights. *Allen,* 468 U.S. at 751; *See also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474-75 (1982).

The party invoking federal jurisdiction bears the burden of establishing all elements. *Id.* at 561. Since they are not merely pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, that is, with the manner and degree of evidence required at the successive stages of the litigation. *Id.*

### B.      12(b)(6) – Failure to State a Cause of Action

Under Federal Rule of Civil Procedure 12(b)(6) a claim may be dismissed for "failure to state a claim upon which relief can be granted." "A motion to dismiss under [Rule 12(b)(6)]… 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011.) A dismissal "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1241-42.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks

omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

While generally a court considering a 12(b)(6) motion generally considers only those facts affirmed in the Complaint, the court can "augment" the facts and inferences from the body of the complaint with "data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley*, 657 F3d  at 46; *Coto Settlement v. Eisenberg* 593 F3d 1031, 1038 (9th Cir. 2010).

### C.     12(b)(7) – Failure to Join A Necessary Party

Under Rule 12(b)(7), courts are required to dismiss an action for failure to join a necessary party. *See Federal Ins. Co. v. SafeNet, Inc.*, 758 F.Supp.2d 251, 257 (S.D.N.Y. 2010). Courts considering a Rule 12(b)(7) motion must look to Rule 19, which sets forth a "two-part test for determining whether the court must dismiss an action for failure to join an indispensable party." *Federal Ins. Co.*, 758 F. Supp.2d at 257 (citing *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir.2000). A person may be "necessary" under Rule 19(a) if (1) " in that person's absence, the court cannot accord complete relief among existing parties," or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" may "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

### IV.    PLAINTIFF'S FIRST CAUSE OF ACTION MUST BE DISMISSED

### A.     Plaintiff Lacks Standing To Assert Its First Cause of Action

47 U.S.C. § 332(c)(7) provides that local regulation of the placement of wireless facilities "shall not prohibit or have the effect of prohibiting the provision of personal wireless services." In its First Cause of Action, Plaintiff asserts that the Defendants have unlawfully prohibited the provision of personal wireless services.

Here, however, as discussed above, Plaintiff provides no personal wireless services.  It has no RF coverage gaps in the Project area, because it provides no RF services.  It is asserting an

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

6

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1  injury that if claimed, would need to be claimed by Verizon Wireless. *Allen,* 468 U.S. at 751; *See*

2  *also Valley Forge Christian College,* 454 U.S. at 474-75. The Complaint details Plaintiff's

3  credentials, including certification from the Public Utilities Commission, and touts Plaintiff's

4  status as a telephone corporation and as a public utility. Complaint, ¶ 6. The Complaint also

5  alleges that Plaintiff builds wireless facilities including small cell antenna "nodes" and supporting

6  equipment. Complaint ¶ 22.   Yet, nowhere in Plaintiff's 14 pages of background does the

7  Complaint offer an allegation that Plaintiff actually provides a personal wireless service within

8  the ambit of 47 U.S.C. § 332(c)(7).[9]   Nor does Plaintiff allege anywhere on the face of the

9  Complaint that it was prohibited from providing a personal wireless service when its Applications

10  were denied. As this Circuit has held, one of the key elements of an effective prohibition claim is

11  a showing that a denial result in a "significant gap in service for the provider in question," which

12  in this case, is not Plaintiff, but is Verizon Wireless.  *MetroPCS, Inc. v. City & Cty. of San*

13  *Francisco*, 400 F.3d 715, 733 (9th Cir. 2005), *abrogated* on other grounds by *T-Mobile S., LLC v.*

14  *City of Roswell, Ga*., 135 S. Ct. 808, 190 L. Ed. 2d 679 (2015).  It follows that only Verizon

15  Wireless can properly raise the effective prohibition claim, and Verizon Wireless has chosen not

16  to file a complaint against the  Town.  Plaintiff fails to allege any other facts that would support a

17  prohibition claim that it could assert on its own.

18       On this basis alone, Plaintiff's First Cause of Action must be dismissed.

19  **B.    Plaintiff Fails to State a Cause of Action Under 42 U.S.C. § 332**

20       Under the Federal Telecommunications Act, ("FTA"), local governments retain authority

21  to regulate the placement of wireless facilities, such as those installed by Plaintiff.  In order to

22  sufficiently allege that the Town's decision had the "effect of prohibiting the provision of

23  personal wireless services," Plaintiff must offer some additional allegation demonstrating that the

24  denial is representative of a broader policy or circumstance that precludes the provision of

25  personal wireless services as *every* denial of an application to build a wireless service facility is

26

27

---

28  [9] 47 U.S.C. 332(c)(7) relates only to the zoning of "personal wireless service facilities."

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

likely to affect the provision of wireless services to some degree.  *APT Pittsburg Ltd. Partnership v. Penn Tp. Butler County of Pennsylvania*, 196 F.3d 469, 479 (3d Cir. 1999).

Additionally, Plaintiff bears the burden to demonstrate an effective prohibition.  The Ninth Circuit has adopted a two-prong analysis, requiring (1) the showing of a significant gap in service coverage and (2) an adequate inquiry into the feasibility of alternative site locations. *American Tower Corp. v. City of San Diego,* 763 F.3d 1035, 1056 (9th Cir. 2014) *citing T-Mobile USA, Inc. v. City of Anacortes,* 572 F.3d 987, 995 (9th Cir 2009).   Under the "effective prohibition" test the burden on a plaintiff invoking Section 332(c)(7)(B)(i)(II) is a heavy one: the standard requires that the plaintiff "show that the manner in which it proposes to fill the significant gap in services is the least intrusive on the values that the denial sought to serve" (*City of Anacortes*, 572 F.3d at 995) and requires at least that the analysis "allows for a meaningful comparison" of alternatives for closing a claimed gap.  *Id.  Anacortes* provides some insight as to what sort of inquiry is required – there the applicant examined 18 different sites as part of its application for a single large wireless antenna tower. The locality then may select from the alternatives, or proffer its own alternatives. *American Tower Corp.,* 763 F.3d 1056-57.[10]

Plaintiff does not seriously allege that it independently considered or offered the City any real alternatives, designs or locations to its DAS Project. Instead, Plaintiff's Complaint improperly shifts the burden of identifying and suggesting alternatives onto the Town – *essentially admitting that it failed to consider alternatives to the DAS Project it preferred*. Specifically, Plaintiff alleges that the Town never presented Plaintiff with specific alternative designs or locations and the Town never offered any feasible alternatives. Complaint, ¶ 39.  This attempt to sidestep its burden to allege Plaintiff's own meaningful consideration of alternatives is a fatal defect in the pleading.  *APT Pittsburg Ltd.,* 196 F.3d 469, 480 *citing Sprint Spectrum, L.P.,* 176 F.3d at 643.

---

[10] In *American Tower*, the Ninth Circuit suggested that prohibiting the City from making its own decision based upon a feasibility analysis of alternative designs provided by ATC would essentially make "the applicant – rather than the locality – the arbiter of feasibility and intrusiveness, gutting the 'least intrusive means' standard with predictable, applicant-friendly results."  *American Tower Corp.,* 763 F.3d at 1056.  Here, in similarly failing to offer the Town alternatives based upon a feasibility analysis, Plaintiff's action risks the same.

1    The Complaint offers an insufficient and conclusory allegation that it presented evidence

2    that the DAS Project was the least intrusive means.  Plaintiff's limited allegations on this element

3    suggests that Plaintiff selected individual node sites for the DAS Project based on Verizon

4    Wireless's RF coverage objectives and worked collaboratively with the Town initially but

5    admittedly failed to consider or suggest any alternatives in light of the concerns about the DAS

6    Project raised on the record. Complaint, ¶¶ 23, 39. Plaintiff's Complaint is insufficient to support

7    the cause of action.

8    **V.    THE THIRD CAUSE OF ACTION (SECTION 253) MUST BE DISMISSED**

9        **A.    Plaintiff's Cannot File a Claim Under Both Sections 253 and 332(c)(7)**

10    Plaintiff alleges the Town violated Section 253(a) when it denied Plaintiff's Applications

11    on appeal.  The Town's decision under Chapter 15.32 of the HMC constitutes a particularized

12    decision regarding the placement and construction of Plaintiff's proposed DAS Project.  It is not a

13    franchising fee or other potentially discriminatory licensing scheme, the typical subject of a

14    section 253 claim. *See Vertical Broad, Inc. v. Town of Southampton*, 84 F.Supp.2d 379, 388-89

15    (E.D.N.Y. 2000.)   Accordingly, the Town's decision falls directly within the scope of section

16    332(c)(7)(A) of the TCA:

17            ***Except as provided in this paragraph, nothing in this chapter*** shall
              limit or affect the authority of a State or local government or
18            instrumentality thereof over **decisions** regarding the placement,
              construction, and modification of personal wireless service
19            facilities. (47 U.S.C. §332(c)(7)(A)(emphasis added).)

20    Section 253(a) cannot be construed to limit the Town's authority regarding the Town's

21    decisions regarding the placement of wireless facilities.  By the plain language of the statute, the

22    only limitation to the Town's authority, and consequently the exclusive statutory basis for

23    Plaintiff's claim, lies within section 332(c)(7).  *See Cox Communications PCS, L.P. v. City of San*

24    *Marcos*, 204 F.Supp.2d 1272 (S.D. Cal. 2002) (the district court specifically distinguished

25    between Section 253, "which provides a cause of action against *local regulations*," and Section

26    332(c)(7), which "gives a cause of action against *local decisions*.") *Id.* at 1277 (emphasis in

27    original); *City of Arlington, Tex. v. FCC*, 569 U.S. 290, at 294 (2013) (Section 332(c)(7)(A)

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

"provides that nothing in the [TCA], except those limitations provided in [Section] 332(c)(7)(B), 'shall limit or affect the authority of a State or local government' over siting decisions.")[11]

To allow both allegations to proceed would render the "[e]xcept as provided in this paragraph, nothing in this chapter shall limit" language of Section 332(c)(7)(A) "insignificant, if not wholly superfluous." *Duncan v. Walker*, 553 U.S. 168, 174 (2001) (giving effect to all words of a statute is a cardinal principal of statutory construction).

The Ninth Circuit considered application of both sections 253(a) and 332(c)(7) in a limited circumstance where the plaintiff asserted a facial challenge to an agency's ordinance under section 253(a). *Sprint Telephony PCS, L.P. v. County of San Diego*, 490 F.3d 700 (9th Cir. 2007) *aff'd in part, rev'd in part on reh'g en banc*, 543 F.3d 571 (9th Cir. 2008). In its initial decision, it concluded that Section 253(a) is the appropriate vehicle to challenge an *entire wireless facilities zoning ordinance*. *En banc*, the Court decided that it need not consider whether a claim could be pursued under both sections simultaneously, as it concluded the "effective prohibition" standard was the same under both sections, and the Sprint had failed to satisfy its burden under either section. In this case, however, there is no reason to allow Crown Castle to maintain its Section 253 action. This is not a case where the predicate for a challenge under both Section 332 and Section 253 is satisfied – there is no cognizable facial challenge that is presented here. As the initial decision in *Sprint Telephony* recognized, facial challenges to wireless zoning ordinances are rare and difficult to mount since the challenger must establish that no set of circumstances exist under which an act could be valid. 490 F.3d at 711.[12] This distinction is articulated in *Vertical Broadcasting, Inc.,* 84 F.Supp.2d 379 at 388. Specifically, *Vertical Broadcasting* concluded that the plaintiff failed to state a cause of action under 253(a) on a

---

[11] Defendants believe a better reading is that any case that involves a challenge to local rules or regulations governing wireless placements should be brought under Section 332(c)(7) since by statutory command, no other action may be taken to limit local authority over decisions. Preempting a local zoning ordinance would certainly affect that authority. Nonetheless, even those courts which have found that a Section 253 challenge can be raised to a wireless ordinance have limited those challenges to facial claims, and none have suggested that one could challenge specific decisions under both provisions.

[12] The initial decision in *Sprint* identifies another defect in the Complaint: Section 253(a) does not create a private right of action. To the extent a challenge may be filed in court, that challenge must be filed under the Supremacy Clause. *Sprint Telephony*, 490 F.3d at 708-709.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

1 motion to dismiss where denial of plaintiff's communications tower fell "squarely within the

2 confines of section 332" because section 332 speaks specifically to local decisions regarding

3 siting. *Ibid.*

4 However, even if Plaintiff's Complaint is intended to mount a challenge to Chapter 15.32

5 of the HMC, the Complaint has only pled a cognizable challenge to the Town's ordinance *as*

6 *applied* to Plaintiff, and has not adequately pled a facial challenge, as we explain *infra*.

7 Therefore, this action cannot proceed under 253(a) because Section 332(c)(7)(A) provides the

8 exclusive remedy against the Town's decision denying Plaintiff's applications.

9 While the Third Claim appears to be limited by its title to a claim of effective prohibition

10 under Section 253(a), paragraph 59 also refers to a violation of Section 253(c). There is no such

11 thing. Section 253(c) is a safe harbor: even if state or local law effectively prohibits a person

12 from providing a telecommunications service, the state or local law may not be preempted is it

13 falls within the safe harbor. The reverse is not true: a law or regulation does not need to be within

14 the safe harbor to be lawful, if it is not prohibitory, and there is no cause of action, express or

15 implied that can arise from Section 253(c). *Sprint Telephony,* 490 F.3d at 707.

16 **B.** **Plaintiff Has Failed to Allege a  Prohibition Actionable Under Section 253**

17 Plaintiff bears the burden to allege an actual or effective prohibition, as opposed to the

18 "mere possibility of a prohibition." *Level 3 Communications, LLC v. City of St. Louis, Mo.,* 477

19 F.3d 528 (8th Cir. 2007). To survive this motion to dismiss its 253(a) cause of action, Plaintiff

20 must show that the Town's action constitutes both an existing and material interference with the

21 ability to complete a fair and balanced market. *Id.* at 533; *In the Matter of California Payphone*

22 *Ass'n Petition for Preemption of Ordinance No. 576 NS of the City of Huntington Park,*

23 *California Pursuant to Section 253(d) of the Communications Act of* 1934, F.C.C. Rcd. 14191

24 (1997). Once again, Plaintiff's lengthy allegations fall short of this standard.

25 The Complaint lacks specific allegations identifying precisely what, if any,

26 telecommunications service was prohibited by the Town's denial, or who is being prohibited.

27 The Complaint also fails to allege or even insinuate *what* about the Town's ordinance, regulation

28 or procedure in this case gave rise to the alleged prohibition, or what ordinances, regulations or

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

procedures are defective.  Instead, the Complaint pleads, in conclusory fashion, that the Town's actions constitute a "de facto blanket prohibition" on telecommunications facilities within the Town without precisely identifying *which* Town action constitutes said prohibition.  Complaint, ¶¶ 48, 59, 70. It is an odd complaint, and impossible to square with paragraph 59, which alleges not a *blanket* prohibition but a prohibition that discriminatorily affects companies like Plaintiff, as compared to others – meaning, presumably, that others do obtain access under the challenged ordinances, regulations or procedures. As suggested above, the Town cannot even decipher whether Plaintiff is challenging the HMC wireless telecommunications facility application process or the Town's denial of Plaintiff's specific application. Nonetheless, the admission on the face of the Complaint that others do obtain access suggests that the Town's ordinances are not facially prohibitory.

Plaintiff bears the burden to articulate what it alleges to be prohibited and what Town action constitutes said prohibition.  Plaintiff's fails to adequately plead the essential elements of a claim under Section 253(a) involving wireless facilities – much less plead the elements of a facial challenge.

## VI.   PLAINTIFFS' FOURTH CLAIM FOR RELIEF (UNDER SECTION 7901 AND 7901.1) MUST BE DISMISSED BECAUSE PLAINTIFF IS NOT THE ENTITY PROVIDING "LINES" WITHIN THE MEANING OF THOSE SECTIONS

Section 7901 provides in relevant part that "[t]elegraph or telephone corporations may construct lines of telegraph or telephone lines along and upon any public road or highway, along or across any of the waters or lands within this State, and may erect poles, posts, piers, or abutments for supporting the insulators, wires, and other necessary fixtures of their lines."

The "lines" in this case are not classic landlines, but "radio lines" of communication, and the complaint is that the denial here prevents the installation of the "fixtures" of those lines by preventing (at least as proposed) the installation of 16 antenna nodes.  While we believe that the courts that have concluded that Section 7901 reaches radio lines are mistaken, we also recognize that courts in California have reached that conclusion, and that Plaintiff's claim is founded on

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1   those cases. *City of Huntington Beach v. Public Utilities Com.* (2013) 214 Cal.App.4th 566, 587;

2   *GTE Mobilenet of Cal. Ltd. V. City of San Francisco* 440 F.Supp.2d 1097, 1103 (N.D. Cal. 2006).

3       For purposes of this motion, we assume that a "line" under Section 7901 includes a radio

4   line, thus permitting a provider of personal wireless telephone services to install the "necessary

5   fixtures" for "their" lines.  Plaintiff's claim must nonetheless be dismissed.  The problem for

6   Plaintiff is that it does not allege that the radio line will be "their line" or that it has ownership of

7   the radio units and antennas that are the critical to the creation of the line.  As we showed at the

8   outset, the reverse is true: Plaintiff has affirmatively indicated it does *not* provide lines of wireless

9   communications and does not own the radio fixtures that emit these lines.  Hence, the denial of

10  the Applications does not in any respect prevent Plaintiff from erecting "their lines."  The entity

11  that actually provides the "line" of service is, according to Plaintiff's own Applications, Verizon

12  Wireless. One of two results must follow: the claim must be dismissed under 12(b)(6) because

13  Plaintiff has not alleged a necessary element of a Section 7901 claim; or alternatively, the claim

14  must be dismissed under 12(b)(7) because of failure to join an indispensable party.  As shown

15  *infra,* Plaintiff cannot assert the claims of Verizon Wireless, and has alleged nothing that would

16  permit it to stand in the shoes of Verizon Wireless.

## VII.   PLAINTIFF'S FIFTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

19      42 U.S.C. § 1983 permits a person to maintain a cause of action against someone who,

20  under the color of state law, violates the person's constitutional or other federally protected rights.

21  Section 1983 is not a source of substantive rights.  It merely provides "a method for vindicating

22  federal rights elsewhere conferred." *Graham v. Connor*, 400 U.S. 386, 393 (1989).

23      Binding precedent makes it clear that a Section 1983 claim will not lie for claims filed

24  under either Section 253 or 332(c)(7), *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S.

25  113(2005)(holding Congress could not have meant the judicial remedy expressly authorized by

26  Section 332(c)(7) to coexist with an alternative remedy available under Section 1983); *Sprint*

27  *Telephony PCS, L.P. v. Cty. of San Diego*, 543 F.3d 571, 580–81 (*en banc* 9th Cir. 2008)(holding

28  Section 1983 claims cannot be brought for violations of 47 U.S.C. § 253).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1   Hence, the question is whether Plaintiff has plead some other ground that might support

2   its due process and Section 1983 claims.  It has not – this is really an effort to sidestep the

3   precedent cited above.

4   To state a Section 1983 cause of action, Plaintiff must allege it was deprived of

5   constitutionally protected rights by someone acting under the color of state law.  Plaintiff must

6   allege with at least some degree of particularity overt facts to support its claim. F.R.C.P. 8(a)(2);

7   *Jones v. Community Redevelopment Agency*, 733 F.2d 646,649 (9th Cir. 1984).   Threadbare

8   recitals of the elements of a cause of action supported by mere conclusory statements do not

9   suffice. *Ashcroft v. Iqbal*, 556 U.S. at 678.

10   Plaintiff's Complaint contains nothing more than conclusory and unsupported allegations

11   that, without more, do not establish actionable claims. Despite its broad criticisms, for example, it

12   has not claimed that the Town violated its own procedures in resolving the Applications, nor has

13   it claimed that a state procedural requirement that would support its due process claims has been

14   violated.  In fact, Plaintiff's Section 1983 claim makes no references to the specific constitutional

15   provision allegedly violated and relies upon little more than recite Constitutional "buzzwords."

16   *See* Complaint at ¶ 71. For these reasons alone, Plaintiff's Fifth Cause of Action is deficient and

17   subject to dismissal.

18   More generally, the essence of a procedural due process violation is the deprivation of a

19   protected property interest without notice and an opportunity to be heard. *Board of Regents v.*

20   *Roth*, 408 U.S. 564 (1972).  Due process requires that a deprivation of property "be preceded by

21   notice and opportunity for hearing appropriate to the nature of the case." *Midnight Sessions, Ltd.*

22   *v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir. 1991) (disapproved on other grounds in,

23   *United Artists Theatre Circuit, Inc. v. Township of Warrington,* 316 F.3d 392, 400 (3d Cir.

24   2003).)  Courts have observed that court has observed that "'[d]ue process is an elusive concept.

25   Its exact boundaries are undefinable, and its content varies according to specific factual

26   contexts.'" *Continental Air Lines, Inc. v. Dole*, 784 F.2d 1245, 1248 (5th Cir. 1986) *quoting*

27   *Woodbury v. McKinnon*, 447 F.2d 839, 843 (5th Cir. 1971) *quoting Hannah v. Larche*, 363 U.S.

28   420, 442 (1960); *See also Washington v. Harper*, 494 U.S. 210 (1990).

The procedural protections required by the Due Process Clause must be determined with reference to the rights and interests at stake in the particular case. *See Walters v. National Association of Radiation Survivors*, 473 U.S. 305 (1985) ("Our decisions establish that 'due process' is a flexible concept--that the processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular circumstances under which the deprivation may occur.")

### A.      Plaintiff Alleges Ample Due Process on the Face of the Complaint

Plaintiff does not and cannot identify a protected property right in approval of its Applications.  While that itself is fatal, the face of Plaintiff's Complaint reveals the ample due process Plaintiff was afforded under the circumstances. Specifically, Plaintiff's allegations describe a "collaborative" process over a period of 12 months including numerous mutually agreed upon extensions, a public meeting and an extensive written record. Complaint, ¶¶ 22-31, 47-48.  Notably, Plaintiff's Complaint further admits that Plaintiff was able to submit "substantial evidence" into the Town's record. Complaint, ¶ 47. The Complaint further details the comprehensive appeal process Plaintiff was afforded including a lengthy written denial by the City Manager, a public hearing including time to present its appeal, additional time to present a rebuttal, further written findings and a City Council decision adopting the Town's findings by resolution. Complaint, ¶¶ 31-41.

Despite the litany of due process procedures described on the face of the Complaint, Plaintiff makes two assertions of a due process violation based primarily upon a perceived inability to rebut the public testimony against it during the City Council's public hearing and a claim that the Town and City Council were biased against the DAS Project depriving the Plaintiff of due process rights. Complaint, ¶¶ 39 & 71.

To support the bias claim, Plaintiff makes fleeting references to an unbiased hearing officer and substantive due process in paragraphs 69 and 70 of the Complaint. Plaintiff offers nothing more than a bald assertion on this matter, with good reason. When they have no financial interest in the outcome of the hearing, adjudicators are presumed to be impartial. *Withrow v. Larkin*, 421 US 35, 47 (1975).  The presumption of impartiality can be overcome only by specific

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1    evidence demonstrating actual bias or a particular combination of circumstances creating an

2    unacceptable risk of bias.  There are no such facts alleged in this action.  Moreover, the First

3    Circuit has recognized that every appeal by a developer from an adverse ruling by a local board

4    necessarily involves some claim that the board exceeded or abused its legal authority. *See*

5    *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.1982.) Substantive due

6    process claims in this context are limited to "horrendous situations." *Ibid.*

7         Regarding its substantive and procedural due process claims that the Town failed to

8    provide adequate hearings and forums for review of Plaintiff's appeal to City Council, Plaintiff

9    has cited no authority for the proposition that it was due any specific procedures or was owed any

10   specific amount of time at the Town's public hearing.  The fact that its opponents may have

11   occupied more public hearing time appears to be solely due to the fact that there were many

12   individuals present to speak in opposition. Complaint, ¶ 39. Plaintiff does not allege that any one

13   of the opponents was afforded any more time to speak than the time allotted to Plaintiff. Nor does

14   Plaintiff allege that the opponents raised any issues at the public hearing that could only be

15   addressed orally in rebuttal because they were new. To the contrary, Plaintiff admits many of the

16   same opponents who made statements at the public hearing had also appeared at the Town

17   meeting of the DAS Project more than three months earlier. Complaint, ¶ 39.

18        The real gravamen of the Complaint, boiled down, is that after undergoing a collaborative

19   review process with Town staff, a preliminary notice was issued that indicated that the Town was

20   inclined to grant the Applications; in response to the notice, there was a public review process, in

21   which substantial information was added to the record by Plaintiff, and others, and after

22   consideration of all the evidence, the actual decisions by the persons or bodies designated to

23   decide the matter resulted in denial of the Applications.  Plaintiff confuses the initial public notice

24   of a proposed decision by the City Manager with the actual decisions made by the City Manager,

25   and then the City Council, *after* public processes.  These allegations do not amount to cognizable

26   due process claim.

27        **B.      Due Process Under Sections 253 and 332 is Limited by Their Own Terms**

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

Because the requirements of due process are dictated by the circumstances, stakes or interests at issue in each particular case, any due process claim invoked by Plaintiff must necessarily state what due process was required under the violations it has alleged. Plaintiff's Complaint primarily challenges the Town's actions under FTA sections 253(a) and 332(c)(7).  As noted above, section 1983 cannot be used to remedy violations of Section 253 or 332(c)(7), and by definition, the process due is defined by those provisions and no other process is required.

Section 253 is a preemptive provision, and establishes no procedural requirements at all. Section 332(c)(7), preserves local processes, neither adding or detracting from them except as specifically provided in the statute.  It establishes no hearing requirements, and much less a requirement that an applicant be permitted to present a case orally.[13]   Plaintiff does not specifically claim that Section 332 requires any of the processes it now claims it was denied.  As it happens Plaintiff was able to submit written evidence into the Town's record over a multi-month process.  The Town's process more than adequately offered Plaintiff process beyond what was required.

### C.   Plaintiff is Currently Invoking the State's Adequate Mandamus Procedures

While the forgoing independent justify dismissal of the Fifth Claim, there is yet another ground for dismissal: the Ninth Circuit has held that due process claim under section 1983 is not cognizable when the state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights. *Lake Nacimiento Rancho Co. v. County of San Luis Obispo*, 841 F.2d 872,878 (9th Cir 1987).  Thus, where the state provides a reasonable and adequate legal remedy to correct a legal error by a local administrative agency, there is no cause of action pursuant to section 1983 for a violation of due process. *Zinermon v. Burch*, 494 U.S. 113 (1990); *Midnight Sessions, Ltd.,* 945 F.2d at 680.) The First Circuit addressed this principal under similar circumstances.  The Court in *Global Tower Assets, LLC v. Town of Rome*, 810 F.3d 77,90  (1st Cir. 2016) concluded that plaintiff Global Tower failed to plead facts sufficient to state a due

---

[13] Where Congress has wanted localities to follow specific procedures, it provides for them directly, see 47 U.S.C. 546 (requiring an administrative proceeding prior to action on a cable renewal application that affords the cable operator a "fair opportunity" for "full participation, including the right to introduce evidence…").

1    process challenge because it failed to address the fact that state law provided it with a process for

2    seeking relief from the action of the planning board and appeal of the board's decision.  Global

3    Tower's challenge failed because the Court was offered no basis for concluding that Global

4    Tower lacked an adequate state law remedy for the procedural defects they alleged. *Ibid, citing*

5    *Licari v. Ferruzzi,* 22 F.3d 344, 348 (1st Cir. 1994).

6         Plaintiff cannot demonstrate that it has been deprived of an opportunity to be heard

7    because it is currently exercising the writ of mandamus procedure by which an aggrieved party

8    may challenge an administrative action. *Lake Nacimiento Rancho Co.,* 841 F.2d at 878.

9    **VIII.   PLAINTIFF HAS FAILED TO JOIN AN INDISPENSABLE PARTY**

10        Should the Court find that it should not dismiss the Complaint in whole or part on the

11   grounds asserted above, it should dismiss the Complaint under Fed. R. Civ. Proc. 12(b)(7) for

12   failure to join an indispensable party - Verizon Wireless.  As noted above, an "effective

13   prohibition" claim can only lie if some entity is prohibited from providing personal wireless

14   services.  Plaintiff's alleged "significant gap" in personal wireless services is a gap specifically in

15   Verizon Wireless service.  Because Plaintiff is not a wireless service provider, it is necessary to

16   determine whether Verizon Wireless, the sole proposed wireless service provider, will be

17   prohibited from providing personal wireless services in order to pursue this claim.   If this matter

18   proceeds to adjudication, the outcome will very likely impact Verizon Wireless's rights and

19   operations within the Town.  If the case does not finally adjudicate the rights of Verizon Wireless,

20   the Town will be in a position where it may be forced to litigate and address the same issues

21   Plaintiff raises here, as Verizon Wireless would remain free to submit its own application for

22   wireless facilities within the Town – and indeed, could do so at the same locations.  There is the

23   additional practical consideration that much of the information which the court may examine with

24   respect to alternatives, RF coverages and the like will be uniquely within the control of Verizon

25   Wireless, which can be expected to have information about its own network that Plaintiff does not

26   (Plaintiff does not claim that it is the sole entity that installed wireless facilities for Verizon

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

1   Wireless, and in fact Verizon Wireless does install facilities on its own behalf).[14]   Because this

2   action cannot proceed without the inclusion of Verizon Wireless as a party, Plaintiff's action must

3   be dismissed.

4   **IX.    CONCLUSION**

5          For the foregoing reasons, the Town respectfully requests that this Court dismiss

6   Plaintiff's First, Third, Fourth and Fifth causes of action, and dismiss the Complaint in its entirety

7   for failure to join an indispensable party.

8   Dated: May 21, 2018                                    BEST BEST & KRIEGER LLP

9

10                                                         By:  _/s/ Jessica K. Lomakin_

11                                                              GENE TANAKA
                                                                JESSICA K. LOMAKIN

12                                                              Attorneys for Defendants
                                                                TOWN OF HILLSBOROUGH and the

13                                                              CITY COUNCIL OF THE TOWN OF
                                                                HILLSBOROUGH

14

15

16

17

18

19

20

21

22

23

24

----

25   [14]  Verizon Wireless is actually pursuing its rights independently in other communities in

26   California. Complaint at 1 & 14, Los Angeles SMSA Limited Partnership v. City of Arcadia, No.
     2:17-cv-03778 (C.D. Cal. May 22, 2017 ("In order to provide such services, Verizon Wireless

27   must build, operate, maintain, and periodically modify a network of antennas and associated
     electronic equipment located on towers and other structures.") A true and correct copy of

28   Verizon's Complaint is attached to the Town's RJN as Exh. "G."

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814