JOSEPH VAN EATON (admitted *pro hac vice*)
joseph.vaneaton@bbklaw.com
GAIL A. KARISH, Bar No. 244264
gail.karish@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue, 25th Floor
Los Angeles, California 90071
Telephone: (213) 617-8100
Facsimile: (213) 617-7480

Attorneys for Defendants
TOWN OF HILLSBOROUGH and the CITY
COUNCIL OF THE TOWN OF HILLSBOROUGH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWN CASTLE NG WEST LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF HILLSBOROUGH, a California municipality; CITY COUNCIL OF THE TOWN OF HILLSBOROUGH, its governing body, AND DOES 1-10,<br><br>Defendants. | Case No.  3:18-cv-02473-JSC<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIFTH CLAIM FOR RELIEF IN FIRST AMENDED COMPLAINT**<br><br>Date:        November 15, 2018<br>Time:        9:00 a.m.<br>Courtroom:  F<br>Judge:       Hon. Jacqueline Scott Corley<br>            United States Magistrate Judge |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on November 15, 2018 at 9:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Jacqueline Scott Corley, at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants the Town of Hillsborough and the Hillsborough City Council (collectively, the "Town"), will and hereby do move to dismiss certain of Crown Castle NG West's ("Plaintiff") claims made in its First Amended Petition for Writ of Mandate and Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, the Town asks that the Court dismiss Plaintiff's Fifth cause of action because Plaintiff fails to state viable claims for relief against the Town under 42 U.S.C. § 1983, or alternatively, defer resolution pursuant to the *Pullman* Doctrine.  Additionally, the Town asks that the Court defer resolution of Plaintiff's Fourth Claim pursuant to the *Pullman* Doctrine.  The issues raised by those claims are currently being litigated in the California Supreme Court.

Dated: September 20, 2018                    BEST BEST & KRIEGER LLP


By:   /s/ Gail A. Karish
      JOSEPH VAN EATON
      GAIL A. KARISH
      ATTORNEYS FOR DEFENDANTS
      TOWN OF HILLSBOROUGH AND THE
      CITY COUNCIL OF THE TOWN OF
      HILLSBOROUGH

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   BACKGROUND ....................................................................................................... 2

III.   LEGAL STANDARD UNDER 12(B)(6) – FAILURE TO STATE A CAUSE OF ACTION ...................................................................................................................... 4

IV.   PLAINTIFF'S DUE PROCESS ALLEGATIONS UNDER 42 U.S.C. § 1983 FAIL AS A MATTER OF LAW ................................................................................. 5

     A.    The FAC Fails to Adequately Allege Either Element of a Procedural Due Process Cause of Action .................................................................................. 6

         1.    Plaintiff Does Not Have an Absolute Right to Use the Public Right-of-Way ..................................................................................................... 7

         2.    The Face of the FAC Indicates that Plaintiff Received Ample Due Process .................................................................................................... 9

     B.    The FAC's Substantive Due Process Allegations Demonstrate the Reasonableness of The Town's Action ................................................................ 10

V.    PULLMAN ABSTENTION IS APPROPRIATE FOR THE FOURTH CLAIM, AND THE FIFTH CLAIM IF IT IS NOT DISMISSED ........................................ 13

VI.   CONCLUSION ...................................................................................................... 14

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Arroyo Vista Partners v. County of Santa Barbara*
732 F.Supp. 1046 (C.D. Cal. 1990) ........................................................................11

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...............................................................................................4

*Bd. of Regents v. Roth*
408 U.S. 564 (1972) ...........................................................................................1, 6

*Christensen v. Yolo County Bd. of Supervisors*
995 F.2d 161 (9th Cir. 1993) ...............................................................................12

*City of Las Vegas v. Clark County*
755 F.2d 697 (9th Cir. 1985) ...............................................................................11

*Committee of U.S. Citizens in Nicaragua v. Reagan*
859 F.2d 929 (D.C. Cir. 1988) .............................................................................10

*Conservation Force v. Salazar*
646 F.3d 1240 (9th Cir. 2011.) ..............................................................................4

*Coto Settlement v. Eisenberg*
593 F.3d 1031 (9th Cir. 2010) ...............................................................................5

*Creative Environments, Inc. v. Estabrook*
680 F.2d 822 (1st Cir. 1982) ..............................................................................7, 9

*Equity Lifestyle Props., Inc. v County of San Luis Obispo*
548 F.3d 1184 (9th Cir. 2007) .............................................................................12

*Haley v. City of Boston*
657 F.3d 39 (1st Cir. 2011) .................................................................................3, 5

*Herrington v County of Sonoma*
834 F.2d 1488 (9th Cir. 1987) .............................................................................12

*Hoffman v. City of Warwick*
909 F.2d 608 (1st Cir. 1990) ...............................................................................11

*J.W. v. City of Tacoma*
720 F.2d 1126 (9th Cir. 1983) .............................................................................12

*Kawaoka v City of Arroyo Grande*
17 F.3d 1227 (9th Cir. 1994) .................................................................................1

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

ii

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

4

*NewPath Networks, LLC v. City of Irvine, Ca*
    2009 WL 9050819 (C.D. Cal. 2009).................................................................7

5

*Pacific Bell Telephone Co. v. City of Walnut Creek*
    428 F.Supp.2d 1037 (N.D. Cal. 2006) ..............................................................7

6

7

*San Remo Hotel v. City and Cnty. of San Francisco*
    145 F.3d 1102 (9th Cir. 1998)........................................................................13

8

9

*Wedges/Ledges of Cal., Inc. v City of Phoenix*
    24 F.3d 56 (9th Cir. 1994).............................................................................12

10

**State Cases**

11

*City of Huntington Beach v. Public Utilities Com.*
    214 Cal.App.4th 566 (2013)..........................................................................9

12

13

*County of L.A. v. Southern Cal. Tel. Co.*
    32 Cal.2d 378 [196 P.2d 773] (1948).............................................................8

14

15

*County Sanitation Dist. No. 2 v. County of Kern*
    127 Cal.4th 1544 (2005) ...............................................................................12

16

*Donlan v. Weaver*
    118 Cal.App.3d 675 (1981)............................................................................11

17

18

*Stubblefield Constr. Co. v City of San Bernardino*
    32 Cal.4th 687 (1995) ............................................................................11, 12

19

20

*T-Mobile W. LLC et al. v. City & Cty. of San Francisco*
    3 Cal.App.5th 334 (2016)................................................................................7

21

**Federal Statutes**

22

42 U.S.C. § 1983 ................................................................................................1

23

**State Statutes**

24

California Public Utilities Code §2902 ...............................................................8

25

California Public Utilities Code § 7901.0 ...................................................*passim*

26

California Public Utilities Code § 7901.1 ............................................................8

27

Government Code § 65850.6 .............................................................................9

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

Hillsborough Municipal Code § 15.32.060.................................................................................2

4

Hillsborough Municipal Code § 15.32.080.................................................................................2

5

Hillsborough Municipal Code § 15.32.090.................................................................................3

6

**Rules**

7

Federal Rules of Civil Procedure Rule 8....................................................................................4

8

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................................4

9

**Constitutional Provisions**

10

California Constitution................................................................................................................8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    **INTRODUCTION**

The Court should dismiss Plaintiff's Fifth claim for relief in the First Amended Petition for Writ of Mandate and Complaint ("FAC") because it fails to state a cognizable cause of action against the Town for due process violations under 42 U.S.C. § 1983. Even read most generously, Plaintiff's hastily-articulated procedural and substantive due process allegations miss the mark by failing to provide factual detail to back up bare assertions, and Plaintiff outright fails to allege essential elements of the claim. Plaintiff operates from the point of view that the Town could not, under any circumstances, deny its applications. As set forth below, this foundational presumption is wrong. Moreover, Plaintiff at times distorts due process principles by suggesting that a mere denial, allegedly depriving it of a franchise right, constitutes a violation of due process. However, as discussed in greater detail below, this is not the standard. Due process does not serve to redress denial of the application – the FAC contains a number of theories to serve that purpose, if successful. Instead, due process guarantees that *if a demonstrable vested right is deprived*, it be done fairly.[1] Plaintiff's allegations, its second attempt to state the claim, do not demonstrate an unfair process, and the denial itself is not a due process violation.

Despite the rhetoric and sensationalized denial allegations, the FAC and matters subject to judicial notice demonstrate the reasonableness of the Town's process, including a decision founded upon legitimate and permissible grounds following ample due process in the form of notice, a substantial written record, and a public process that included a public meeting and an appeal hearing. Defendants therefore move that the Fifth claim, alleging a violation of Section 1983, be dismissed without leave to amend.

Additionally, the Town requests that the Court abstain from rendering a decision on Plaintiff's Fourth claim under the *Pullman* Doctrine, and (unless the dismissal is granted) also

---

[1] A procedural due process challenge claims inadequacy in the procedure provided or that a procedure should be provided. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70, n.7 (1972). The doctrine of substantive due process prohibits governmental action that arbitrarily or unreasonably deprives a person of life, liberty, or property. *See Kawaoka v City of Arroyo Grande,* 17 F.3d 1227, 1234 (9th Cir. 1994).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1  abstain from deciding the Fifth claim.  Both claims are wholly dependent on the nature of the

2  parties' rights under California law, and in particular California Public Utilities Code ("CPUC")

3  sections 7901 and 7901.1.  The issues are currently being litigated before the California Supreme

4  Court.[2]

5  **II.    BACKGROUND**

6       Chapter 15.32 of the Hillsborough Municipal Code ("HMC") establishes the permitting

7  requirements for wireless facilities within the Town's public right-of-way.  FAC ¶ 24;  Request

8  for Judicial Notice ("RJN"), Exhibit "A."  Pursuant to Chapter 15.32, on January 4, 2017,

9  Plaintiff submitted 16 applications to install and operate new wireless facilities (collectively, the

10  "Applications") for its 16-node distributed antenna system ("DAS Project").  FAC ¶¶ 22 & 24.

11  According to Plaintiff, each application was for an individual node that would, together with the

12  fiber connections separately applied for, form a single integrated "distributed antenna system," or

13  "DAS," to provide a larger wireless telecommunications network within the Town's public rights-

14  of-way.  FAC ¶¶ 22 & 24.  Plaintiff also contends that these filings triggered the start of the 150-

15  day federal shot clock for a decision on Plaintiff's Applications.  FAC ¶ 26.

16       Over the next year, the Town staff and Plaintiff worked collaboratively to review

17  Plaintiff's Applications through a series of notices of incompleteness and resubmittals.  FAC ¶¶

18  24-27.  The federal shot clock deadline was mutually extended twice.  FAC ¶ 26. On October 31,

19  2017, public notices were mailed containing proposed findings of approval for all 16 applications

20  and indicating the City Manager would act on the Applications.[3]  FAC ¶¶ 27 & 28.  With

21  Plaintiff's mutual agreement, the federal shot clock was extended a third time to facilitate a

22  community meeting on the Applications held on December 7, 2017. FAC ¶ 30.

23       On December 20, 2017, the City Manager issued a written decision, consisting of two

24  separate documents that detailed its findings and denied Plaintiff's Applications.  FAC ¶¶ 31-34;

25

26  [2] *See T-Mobile W. LLC v. City & Cnty. of San Francisco*, 385 P.3d 411 (Cal. 2016) (granting petition for review); Cal. Sup. Ct. Dkt. Case No. S238001.

27  [3] The public notice is required by HMC Sections 15.32.060 and 15.32.080 before the City

28  Manager can take action.  Under the ordinance, the public notice itself is not the decision of the City Manager.  Chapter 15.32 dictates the standards that must be applied in making a decision.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

RJN, Exh. "B."[4]  Plaintiff appealed the City Manager's decision denying its DAS Project to the City Council on January 3, 2018 pursuant to HMC section 15.32.090.  FAC ¶ 36; RJN, Exh. "A." A public hearing on the appeal was held at the City Council's regular meeting on March 12, 2018. FAC ¶ 37.  The public hearing permitted comment from Plaintiff as well as the public, followed by a second opportunity for the Plaintiff to comment in rebuttal.  FAC ¶ 39.  In addition, while the discussion at FAC paragraph 39 omits any reference to it, the FAC at paragraphs 47-48 shows that Plaintiff took advantage of its ample opportunities to submit written materials to City Council. After closing the public hearing, the City Council directed the City Manager to prepare finding(s) upholding the City Manager's denial decision with certain modifications. FAC ¶ 40.

On March 26, 2018, the City Council voted unanimously to adopt a Denial Resolution consisting of written findings based upon the Council's deliberations.  FAC ¶ 41.  The Resolution denied the Plaintiff's Applications in compliance with HMC section 15.32.090's requirements. FAC ¶ 42; RJN "Exh. C."

Despite Plaintiff's characterizations of excess authority and intentional foreclosure of access to the Town's public rights-of-way, the Town's denial resolution provides legitimate, rational, and lawful bases under the HMC and applicable law to deny the Applications.  The Resolution extensively details the aesthetic concerns, including preservation of the Town's unique rural character, developed over decades.  RJN, Exh. "C" at 5-8. It highlights safety concerns and circumstances which would incommode the public's use of the Town's rights-of-way, including line-of-sight impediments for vehicular traffic and encroachments on already narrow areas of public right-of-way forcing pedestrians into the roadway.  RJN, Exh. "C" at 16. While the Town denied the project as a whole (because it was presented by Plaintiff as a whole), the decision also reviewed individual installations, finding, among other things that Plaintiff had failed to consider alternatives that would have allowed it to place facilities in the public rights-of-way, while mitigating impact.  Denial for these clearly-articulated, rational bases cannot support

---

[4] The City Manager's Decision and the City Council's decision were referenced in the FAC but not attached. True copies are attached the Town's RJN as Exh. "B" & "C" and those describe the materials presented and relied upon. The Court may consider these documents in resolving this Motion. *See Haley v. City of Boston,* 657 F.3d 39, 46 (1st Cir. 2011).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1   any conclusion that the Town acted in an arbitrary or capricious manner, shocking the conscious

2   and rising to the level of a due process violation.  For that reason, the FAC's due process

3   allegations must be dismissed without leave to amend.[5]

4   **III.**   **LEGAL STANDARD UNDER 12(B)(6) – FAILURE TO STATE A CAUSE OF**

5   **ACTION**

6          Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to

7   state a claim upon which relief can be granted." "A motion to dismiss under [Rule 12(b)(6)]…

8   'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42

9   (9th Cir. 2011).  Dismissal "is proper if there is a 'lack of a cognizable legal theory or the absence

10  of sufficient facts alleged under a cognizable legal theory.'"  *Id.* at 1242.

11         "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

12  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

13  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To have

14  facial plausibility, the plaintiff must allege "factual content that allows the court to draw the

15  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a

16  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

17  allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

18  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

19  will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks

20  omitted). Although Federal Rule of Civil Procedure 8 "marks a notable and generous departure

21  from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of

22  discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

23  To state a Section 1983 cause of action, a plaintiff must allege it was deprived of constitutionally-

24  protected rights by someone acting under the color of state law, based on allegations of "at least

25  some degree of particularity."  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.

26  _____

27  [5] The allegation that Plaintiff was not given the opportunity to amend its proposal misses the
    point in two respects. First, the Town was operating under federal deadlines for taking action.

28  Second, Plaintiff does not claim it is prohibited from modifying and re-applying – that is, it can
    do what it claims it was precluded from doing.

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS FAC

1   1984); *see also* Fed. R. Civ. P. 8(a)(2).  "Threadbare recitals of the elements of a cause of action,

2   supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

3   A court faced with a Rule 12(b)(6) motion generally considers only those facts alleged in

4   the complaint, but the court can "augment" the facts and inferences from the body of the

5   complaint with "data points gleaned from documents incorporated by reference into the

6   complaint, matters of public record, and facts susceptible to judicial notice." *Haley*, 657 F.3d at

7   46; *see Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010).

## IV.   PLAINTIFF'S DUE PROCESS ALLEGATIONS UNDER 42 U.S.C. § 1983 FAIL
9   AS A MATTER OF LAW

10   Under 42 U.S.C. § 1983, a person can bring a cause of action against someone who, under

11   the color of state law, violates the person's constitutional or other federally-protected rights.  But

12   Section 1983 is not a source of substantive rights; rather, it merely provides "a method for

13   vindicating federal rights elsewhere conferred." *Graham v. Connor*, 400 U.S. 386, 393 (1989).

14   A procedural due process claim requires: 1) the deprivation of a constitutionally-protected

15   interest; and 2) the denial of adequate procedural protections. *See Brewster v. Bd. of Educ. of*

16   *Lynwood Unif. School Dist*,.149 F.3d 971, 982 (9th Cir. 1998). "To state a due process cause of

17   action under section 1983, a party must, as a threshold matter, allege a liberty or property interest

18   within the protection of the Fourteenth Amendment." *Breneric Assocs. v. City of Del Mar*, 69 Cal.

19   App. 4th 166, 181 (Cal. Ct. App. 1998) (defining "property interest" as "a legitimate claim of

20   entitlement to a benefit" (alteration omitted)).

21   At its core, procedural due process protects against the deprivation of a protected property

22   interest without notice and an opportunity to be heard. *See Roth*, 408 U.S. at 573; *Brewster*, 149

23   F.3d at 984.  Beyond that core principle, the contours of what due process requires depends on the

24   particular circumstance.  Indeed, courts have observed that "'[d]ue process is an elusive concept.

25   Its exact boundaries are undefinable, and its content varies according to specific factual

26   contexts.'" *Continental Air Lines, Inc. v. Dole*, 784 F.2d 1245, 1248 (5th Cir. 1986) (quoting

27   *Woodbury v. McKinnon*, 447 F.2d 839, 843 (5th Cir. 1971), and *Hannah v. Larche*, 363 U.S. 420,

28   442 (1960)).  That is why the procedural protections required by due process must be determined

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1   with reference to the substantive rights at stake in the particular case. *See Washington v. Harper*,

2   494 U.S. 210, 220-21 (1990); *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305 (1985)

3   ("Our decisions establish that 'due process' is a flexible concept--that the processes

4   required…with respect to the termination of a protected interest will vary depending upon the

5   importance attached to the interest and the particular circumstances under which the deprivation

6   may occur.").

7       A.       **The FAC Fails to Adequately Allege *Either Element* of a Procedural Due**

8                **Process Cause of Action**

9           In support of its procedural due process allegations, Plaintiff baldly concludes that CPUC

10   section 7901 grants Plaintiff a "vested statewide franchise right," subject only to the Town's time,

11   place, and manner discretion.   FAC ¶ 70.   However, it provides no legal support for the

12   contention that this statute grants it a right or interest protected by the Federal Constitution.

13   Perhaps that is because, as discussed below, it does not.

14           Notwithstanding the unresolved question of whether the alleged franchise right rises to the

15   level of a constitutionally-protected property interest, the FAC glaringly omits any allegation that

16   the Town deprived Plaintiff of the requisite notice and opportunity to be heard, or any other

17   process for that matter.   Indeed, Plaintiff does not—likely because it cannot—articulate any

18   process the Town was obligated to, or in Plaintiff's view, should have provided.   At best, Plaintiff

19   alleges annoyance or frustration at the amount of protest shown by the local community.   *See*

20   FAC ¶ 72.   But despite these superficial criticisms, Plaintiff has no claim that the Town violated

21   its own procedures or deprived Plaintiff of any necessary procedures; at most, it claims that the

22   Town provided the public opportunities to comment that it was not required to provide. In fact,

23   Plaintiff's Section 1983 claim makes no reference to the specific constitutional provision,

24   amendment, or clause allegedly violated, relying upon little more than constitutional

25   "buzzwords."   *See* FAC ¶ 70-73.   For these reasons alone, Plaintiff's Fifth claim for relief is

26   deficient and subject to dismissal as conclusory.   *See Iqbal*, 556 U.S. at 678.

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1          **1.**     Plaintiff Does Not Have an Absolute Right to Use the Public Right-of-Way

2          Plaintiff has not established the deprivation of a constitutionally-protected interest.   In

3   fact, it offers nothing more than its own allegations to support the proposition that a franchise

4   right conferred by the CPUC constitutes a vested interest sufficient to enjoy federal due process

5   protection.   But "[i]n the land use context, a 'typical run of the mill dispute between a developer

6   and a town' planning agency [does not] rise to the level of a due process violation." *NewPath*

7   *Networks, LLC v. City of Irvine*, 2009 WL 9050819, at *21 (C.D. Cal. Dec. 23, 2009) (quoting

8   *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982)).   The reason for this

9   is plain:

10          A federal court, after all, "should not ... sit as a zoning board of
            appeals."  Every appeal by a disappointed developer from an
11          adverse ruling by a local [ ] planning board necessarily involves
            some claim that the board exceeded, abused or "distorted" its legal
12          authority in some manner, often for some allegedly perverse (from
            the developer's point of view) reason.
13

14   *Creative Environments,* 680 F.2d at 833 (quoting *Village of Belle Terre v. Boraas*, 416 U.S. 1, 12

15   (1974) (Marshall, J., dissenting)).

16          For its due process claims to proceed, Plaintiff must "demonstrate that it has a 'legitimate

17   claim of entitlement' that is 'defined by existing rules or understandings that stem from an

18   independent source such as state law.'" *Pac. Bell Telephone Co. v. City of Walnut Creek*, 428 F.

19   Supp. 2d 1037, 1050 (N.D. Cal. 2006) (quoting *Roth*, 408 U.S. at 577).   Plaintiff's allegations

20   amount to merely this:  CPUC section 7901 gives it a right to place antennas in the public rights-

21   of-way, and whether Plaintiff can carry out that placement is *not* subject to discretionary review,

22   as contemplated by the HMC provisions governing placement of wireless facilities.   Accordingly,

23   Plaintiff's claim fails if its use rights are not absolute.

24          The argument raised here by Plaintiff is identical to one raised by Plaintiff and rejected by

25   the state court of appeals in a recent case.   In *T-Mobile West LLC v. City & County of San*

26

27

28

1   *Francisco*,[6] 3 Cal.App.5th 334, 346–50 (Cal. Ct. App. 2016), *as modified on denial of reh'g* (Oct.

2   13, 2016) (review granted Dec. 16, 2016), the appeals court noted:

3         Plaintiffs urge section 7901 gave them a right to construct and
          maintain their facilities in public rights-of-way throughout the state

4         "without further discretionary approval by local governments."
          …The relevant question is not, as Plaintiffs posit, whether section

5         7901 or section 7901.1 "grants" the City discretionary regulatory
          power or the power to consider aesthetics. The question is really

6         whether either section *divests* the City of its constitutional powers.
          Our review of the California Constitution, statutory provisions, and

7         the relevant case law lead us to believe section 7901 is a limited
          grant of rights to telephone corporations, with a reservation of local

8         police power that is broad enough to allow discretionary aesthetics-
          based regulation.

9

10        **The right of telephone corporations to construct telephone lines
          in public rights-of-way is not absolute. It has been observed by**

11        **our Supreme Court that section 7901 grants 'a limited right to
          use the highways and [does so] only to the extent necessary for**

12        **the furnishing of services to the public.'** (*County of L.A. v.
          Southern Cal. Tel. Co.*, 32 Cal.2d 378, 387 [196 P.2d 773] (1948)…

13        In addition, section 2902 states that municipal corporations may not
          'surrender to the [Public Utilities Commission] its powers of

14        control to supervise and regulate the relationship between a public
          utility and the general public in matters affecting the health,

15        convenience, and safety of the general public, including matters
          such as the use and repair of public streets by any public utility, **the**

16        **location of the poles, wires, mains, or conduits of any public
          utility**, on, under, or above any public streets, and the speed of

17        common carriers operating within the limits of the municipal
          corporation.'" [citations omitted]

18        As stated by Amici Curiae, the exercise of local planning discretion

19        "is not used to prohibit the use of the public rights-of-way, or to
          abridge any state-conferred rights of [telephone corporations]. It is

20        used to harmonize the interest and rights of [telephone
          corporations] with cities' and counties' other legitimate

21        objectives...." (Emphasis added).

          The case also notes an important point that the FAC appears to omit.  Localities are not

22  limited to regulating the "time, place, and manner" in which facilities are installed.   That right,

23  while certainly recognized by CPUC 7901.1, is in addition to the rights of regulation preserved by

24  section 7901, which permit localities to ensure that the use does not "incommode" the public – a

25  term broad enough to allow, among other things, discretionary review of aesthetics and rights

26

27  _____

28  [6] While T-Mobile was the lead party, Plaintiff was one of the named plaintiffs in the action. As
    discussed further below, that case is currently before the California Supreme Court.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

protected by statutory and constitutional provisions preserving municipal police powers. *See T-Mobile*, 3 Cal.App.5th at 345-348.  In *City of Huntington Beach v. Public Utilities Comm'n*, 214 Cal.App.4th 566, 590 (2013), the court likewise recognized the existence of the franchise, but also rejected the argument that it is absolute, and hence rejected the argument that Plaintiff's rights under sections 7901 and 7901.1 preclude discretionary permitting.  Thus, it follows that this dispute over the Town's exercise of its right to dictate those limits, as protected by California law, and as permitted under the local ordinance, is precisely the sort of "run of the mill dispute between a developer and a town planning agency" which does not "rise to the level of a due process violation." *Creative Environments*, 680 F.2d at 822.  Similarly, a California federal district court dismissed similar claims brought by a wireless provider who challenged a California city's conditional use permit process.  *See Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272 (S.D. Cal. 2002).  There, the court rejected the wireless provider's due process claim on a motion to dismiss because, although sections 7901 and 7901.1 may create protectable rights, they do not create "a property or liberty right protected by the [federal] Constitution." *Id.* at 1280-81.

The uniform, on-point holdings of California courts are bolstered by other statutory provisions.  California Government Code section 65850.6 prohibits local governments from requiring discretionary review of modifications to existing wireless facilities under some circumstances.  Thus, in enacting that section, the legislature necessarily must have understood that local placement of wireless facilities was subject to discretionary review, but chose to remove that discretionary authority in limited cases not applicable here.

### 2. The Face of the FAC Indicates that Plaintiff Received Ample Due Process

The FAC reveals that Plaintiff received more-than-sufficient due process under the circumstances. Specifically, Plaintiff's allegations describe a "collaborative" process over a period of 12 months including numerous mutually-agreed-upon extensions, a public meeting, and an extensive written record.  FAC ¶¶ 22-31, 47-48.  Notably, Plaintiff further concedes that it was able to submit "substantial evidence" into the Town's record. FAC ¶ 47. And Plaintiff even details the comprehensive appeal process afforded by the Town, including a lengthy written

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1   denial by the City Manager, a public hearing with time to present its appeal, additional time to

2   present a rebuttal, further written findings, and a City Council decision adopting the Town's

3   findings by resolution. FAC ¶¶ 31-41.

4       Despite the litany of due process procedures described on the face of the FAC, Plaintiff

5   makes two assertions of a due process violation based on (1) a perceived inability to rebut public

6   comments; and (2) a claim that the Town and City Council implemented a full discretionary use

7   permit process to review of the DAS Project depriving Plaintiff of due process rights.  FAC ¶¶ 39

8   & 71.  Frankly, the Town cannot reconcile these allegations.  Plaintiff argues deprivation of

9   procedural due process on the one hand, but claims the Town conducted *too thorough* of a public

10  process on the other.   In any event, the FAC, boiled down, alleges that after undergoing a

11  collaborative review process with Town staff, a preliminary notice was issued that indicated that

12  the Town was inclined to grant the Applications. The notice then went through a thorough public

13  review process, including ample opportunity to be heard, in which substantial information was

14  added to the record by Plaintiff and others.  After consideration of all the evidence, the actual

15  decisions by the persons or bodies designated to decide the matter resulted in denial of the

16  Applications.  What Plaintiff appears to attack is the issuance of an initial public notice of the

17  City Manager's proposed approval, followed by a public review process.  The most it can argue is

18  that the public meeting held was when not required, and that it affected the outcome; but it is hard

19  to argue that federal due process is violated, unless public viewpoints are excluded from

20  consideration. *See* U.S. Const. Amend. I.  The fact that a proposed approval became a denial

21  decision after full consideration and an appeal does not amount to a cognizable due process claim.

22      **B.**     **The FAC's Substantive Due Process Allegations Demonstrate the**

23               **Reasonableness of The Town's Action**

24      The doctrine of substantive due process "does not protect individuals from all

25  [governmental] actions that infringe liberty or injure property in violation of some law, [but]

26  prevents 'governmental power from being used for purposes of oppression,' or 'abuse of

27  government power that shocks the conscience,' or 'action that is legally irrational in that it is not

28  sufficiently keyed to any legitimate state interests.'" *Comm. of U.S. Citizens Living in Nicaragua*

*v. Reagan*, 859 F.2d 929, 943 (D.C. Cir. 1988) (citing, *inter alia*, *Daniels v. Williams*, 474 U.S. 327, 331 (1986)) (alterations omitted); *see also Hoffman v. City of Warwick*, 909 F.2d 608, 618 (1st Cir. 1990) (applying a "rational basis" test to governmental action challenged under a substantive due process theory). The FAC allegations concerning the Town's treatment of the Applications simply do not implicate this standard.

Substantive due process protects against government actions or legislative enactments that are "clearly arbitrary and unreasonable, having no substantial relationship to the public health, safety, morals, or general welfare." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1484 (9th Cir. 1989) (quoting *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)); *see also Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976) (deeming it "well established" that land use decisions receive a "presumption of constitutionality, and that the burden is on [the] one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way"). To succeed on a substantive due process claim, "a plaintiff must minimally show that state officials are guilty of a **grave unfairness** in the discharge of their legal responsibilities." *Arroyo Vista Partners v. Cnty. of Santa Barbara,* 732 F. Supp. 1046, 1054 (C.D. Cal. 1990) (emphasis added); *see also Sinaloa*, 864 F.2d at 1484. Not every questionable government action arises to a due process violation; agencies "enjoy significant latitude in carrying out their police power responsibilities." *Arroyo Vista Partners*, 864 F. Supp. At 1054; *see also Donlan v. Weaver*, 118 Cal.App.3d 675, 684 (1981) ("[N]ot every alteration or abrogation of a vested right violates the due process clauses. Property rights are subject to reasonable regulation by legislation validly enacted under the police power."). As a California Court of Appeal has stated, "[e]ven where state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation." *Stubblefield Constr. Co. v. City of San Bernardino,* 32 Cal.App.4th 687, 709-10 (Cal. Ct. App. 1995) (emphasis added).

Where, as here, plaintiffs do not claim a government action either "infringe[d] a fundamental interest" or "discriminate[d] against a suspect class," the government action need only bear a rational relationship to a legitimate state interest. *City of Las Vegas v. Clark Cnty.,*

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

755 F.2d 697, 704 (9th Cir. 1985) (quoting *J.W. v. City of Tacoma*, 720 F.2d 1126, 1128 (9th Cir. 1983)).  Moreover, due process review of land use regulation is highly deferential; a land use regulation is a valid exercise of the police power if it is fairly debatable that it bears a reasonable relation to the government's legitimate interest in public welfare. *See Christensen v. Yolo County Bd. of Supervisors,* 995 F.2d 161, 165 (9th Cir. 1993); *Cnty. Sanitation Dist. No. 2 v. Cnty. of Kern,* 127 Cal.4th 1544, 1614 (2005). Where no fundamental right is implicated, courts do "not require that the government's action actually advance its stated purposes, but merely look to see whether the government *could* have had a legitimate reason for acting as it did." *Wedges/Ledges of Cal., Inc. v City of Phoenix*, 24 F.3d 56, 66 (9th Cir. 1994); *see also Equity Lifestyle Props., Inc. v Cnty. of San Luis Obispo*, 548 F.3d 1184, 1194 (9th Cir. 2007) ("This deferential inquiry does not focus on the ultimate effectiveness of the law, but on whether the enacting body could have rationally believed at the time of enactment that the law would promote the objective."). Thus, Plaintiff has an "uphill battle," *Christensen*, 995 F.2d at 165, to carry its "extraordinarily heavy" burden to show that a land use regulation violates substantive due process, *Herrington v Cnty. of Sonoma,* 834 F.2d 1488, 1498 n.7 (9th Cir. 1987).  That is because ordinary disputes between agencies and developers "simply do not qualify as deprivations of substantive due process." *Stubblefield Constr. Co.,* 32 Cal.App.4th at 712.

This explains why Plaintiff's characterization of its rights as "vested" is unavailing. To the extent the "vested rights" are, in Plaintiff's view, based upon its statewide franchise, that franchise was granted subject to the Town's power to regulate per sections 7901 and 7901.1, and against the larger backdrop of the Town's broad police power to protect the public welfare in its jurisdiction. *See Stubblefield,* 32 Cal.App.4th at 708.

Here, the Town's action to deny the Applications was solidly grounded in the criteria set forth under Chapter 15.32 of the HMC, as detailed in the denial Resolution recounting the various aesthetic, wireless coverage, and right-of-way interference concerns. RJN, Exh. "C."  Those criteria are subject to, and recognize the limits imposed under, state and federal law. *See* HMC 15.32.010.  To be sure, Plaintiff urges that the Town has somehow acted in an arbitrary or capricious manner in deciding its case.  FAC ¶ 71-73.  But that is not enough to establish a claim

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

1 under Section 1983, as the cases cited above show. Plaintiff's assertions are bare; they do not

2 point to specific acts that could support a claim.  If anything, the FAC supports that the Town

3 acted rationally in response to wide-spread constituent concerns raised at meetings and hearings

4 in which Plaintiff took part. FAC ¶¶ 22-39.  This is simply not the "conscious-shocking" behavior

5 that supports a substantive due process violation, and, for that reason, this claim for relief must be

6 dismissed without leave to amend.

7 **V.** **PULLMAN ABSTENTION IS APPROPRIATE FOR THE FOURTH CLAIM, AND**

8   **THE FIFTH CLAIM IF IT IS NOT DISMISSED**

9   The *Pullman* doctrine "is an equitable doctrine that allows federal courts to refrain from

10 deciding sensitive federal constitutional questions when state law issues may moot or narrow the

11 constitutional question." *San Remo Hotel v. City and Cnty. of San Francisco,* 145 F.3d 1102,

12 1104 (9th Cir. 1998).  Here, Plaintiff's Fourth and Fifth Claims,[7] which are based on sections

13 7901 and 7901.1 of the CPUC, are solely determined by state law and are appropriate for

14 abstention under *Pullman*.  For *Pullman* abstention to apply, "(1) the complaint must touch a

15 sensitive area of social policy into which the federal courts should not enter unless there is no

16 alternative to adjudication; (2) a definitive ruling on the state issues by a state court could obviate

17 the need for constitutional adjudication by the federal court; and (3) the proper resolution of the

18 possibly determinative state law issue is uncertain."  *Richardson v. Koshiba*, 693 F.2d 911, 915-

19 16 (9th Cir. 1982).  Each of these requirements is met here.

20   First, as detailed above, the police power of states and local governments is broad,

21 especially in the context of public rights-of-way and the permitting processes for their use.  How

22 a particular municipality opts to regulate in these areas is dependent on a host of social policies

23 intrinsic to the views of that specific jurisdiction. That Public Utilities Code sections 7901 and

24 7901.1 as well as the HMC sections applicable here exist is evidence of the fact that the FAC's

25 claims touch upon a sensitive area of social policy.  Typically, federal courts do not question such

26

---

[7] As noted above, the Town asserts *Pullman* abstention applies to Plaintiff's Fifth Claim, only if
27 the Court first determines that claim survives the merits attacks of this Motion to Dismiss.
*Pullman* abstention applies to Plaintiff's Fourth Claim, regardless of this Court's ruling on the
28 merits of the Fifth Claim.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

regulation, except under highly deferential review.  *See, e.g., Nelson v. City of Selma*, 881 F.2d 836, 839 (9th Cir. 1989) ("If … the rational relation of the zoning actions to legitimate governmental interests is at least fairly debatable, the action must be upheld.").

As to the second and third prongs, a court decision that does not *dismiss* the claims as amended would place the court in conflict with the determinations of two California appellate courts, as cited above.  The issues at the heart of Plaintiff's Fourth and Fifth Claims are currently on appeal to the California Supreme Court in *T-Mobile West LLC v. City and Cnty. of San Francisco*, 385 P.3d 411 (Cal. 2016) (granting petition for review).  That is, "(1) [whether] a local ordinance regulating wireless telephone equipment on aesthetic grounds [is] preempted by Public Utilities Code section 7901, which grants telephone companies a franchise to place their equipment in the public right of way provided they do not 'incommode the public use of the road or highway or interrupt the navigation of the waters;[ and] (2) [whether] such an ordinance, which applies only to wireless equipment and not to the equipment of other utilities, [is] prohibited by Public Utilities Code section 7901.1."  *See* Cal. Sup. Ct. Dkt. Case No. S238001.[8]  A definitive ruling on these issues by the California Supreme Court would obviate this Court's need to rule on these sensitive questions of state and local law. And given the existing precedent, the most Plaintiff can claim is that the answers to these questions are uncertain, at least for now.[9]  A ruling here on these same issues of state law would unnecessarily waste judicial resources and risk the possibility of inconsistent rulings.

## VI.   CONCLUSION

For the foregoing reasons, the Town respectfully requests that this Court dismiss Plaintiff's Fifth claim for relief.  Consistent with the principles underlying *Pullman,* this Court should stay Plaintiff's Fourth Claim pending a ruling by the California Supreme Court in *T-Mobile,* and, unless it dismisses the Fifth Claim, should likewise abstain from deciding that claim.

---

[8] As noted above, Plaintiff is also a party to that action, as a plaintiff-appellant before the California Supreme Court.
[9] If there is any doubt as to the rights of Plaintiff under state law, *Pullman* requires abstention. However, for purposes of precedent binding this Court, the Ninth Circuit reached similar conclusions as the California Court of Appeal on these issues.  *See Sprint PCS Assets, L.L.C. v. City of Palos Verdes Estates,* 583 F.3d 716, 720 (9th Cir. 2009).

1

2

Dated: September 20, 2018          BEST BEST & KRIEGER LLP

3

4          By: _/s/_ Gail A. Karish
           JOSEPH VAN EATON
5          GAIL A. KARISH
           Attorneys for Defendants
6          TOWN OF HILLSBOROUGH and the
           CITY COUNCIL OF THE TOWN OF
7          HILLSBOROUGH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

15

CASE NO.: 3:18-CV-02473-JSC
DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS FAC