1   JOSEPH VAN EATON (admitted *pro hac vice*)
2   Joseph.vaneaton@bbklaw.com
    GAIL A. KARISH, Bar No. 244264
3   gail.karish@bbklaw.com
    BEST BEST & KRIEGER LLP
4   300 South Grand Avenue, 25th Floor
    Los Angeles, California 90071
5   Telephone: (213) 617-8100
    Facsimile: (213) 617-7480

6
7   Attorneys for Defendants
    TOWN OF HILLSBOROUGH and the CITY
8   COUNCIL OF THE TOWN OF
    HILLSBOROUGH

9

10

11                  UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA
12
                         WESTERN DIVISION
13

14

15  CROWN CASTLE NG WEST LLC, a          Case No.  3:18-cv-02473-JSC
    Delaware limited liability company,  Dept.    Courtroom F, F15th Floor
16                                       Judge:   Hon Jacqueline Scott Corley
                 Plaintiff,
                                         **ELEVENTH STIPULATION TO**
17  v.                                   **STAY**

18  TOWN OF HILLSBOROUGH, a
    California municipality; CITY         Complaint Filed:   April 25, 2018
19  COUNCIL OF THE TOWN OF
    HILLSBOROUGH, its governing          **Trial Date Set:        None**
20  body, AND DOES 1-10, ,

21              Defendants.

22

23

24

25

26

27

28

# RECITALS

WHEREAS, on April 25, 2018, Petitioner and Plaintiff CROWN CASTLE FIBER LLC, formerly CROWN CASTLE NG WEST LLC, ("Crown Castle") initiated this action by filing a Petition for Writ of Mandate and Complaint ("Complaint") against Respondents and Defendants TOWN OF HILLSBOROUGH and CITY COUNCIL OF THE TOWN OF HILLSBOROUGH ("City Council") (collectively, "Town");

WHEREAS, as described more fully in prior stipulations filed with the Court in this Action, the recitals of which are incorporated by reference herein, the parties have entered into a total of ten stipulations to stay, to permit the parties to explore settlement and to participate in mediation;

WHEREAS, the current stay expires on July 1, 2020, meaning that the Town must file its responsive pleading by that date;

WHEREAS, on June 8, 2020, the City Council approved a conditional settlement agreement between the parties, which could result in the final resolution of this Action ("Conditional Settlement Agreement");

WHEREAS, both Crown Castle and the Town now have fully executed the Conditional Settlement Agreement, attached hereto as Exhibit A;

WHEREAS, certain future actions are outlined in the Conditional Settlement Agreement that must be accomplished before the issues at the center of this Action are fully and finally resolved ("Future Actions") and those Future Actions include the processing of applications for a revised network of wireless telecommunications facilities in the public rights-of-way of the Town ("Applications");

WHEREAS, the City Council must retain discretion over the final approval of the Applications, and cannot contract away that discretion, as a matter of law;

WHEREAS, the claims in the Action will not be fully resolved unless and until the City Council exercises its discretion in a manner that results in approval of the Applications, in a manner acceptable to Crown Castle ("Application

1   Approval");

2   WHEREAS, Crown Castle seeks to reserve its rights to pursue its claims in

3   the Action and reinstate the litigation thereof in accordance with the terms of the

4   Settlement, and depending on the final action taken on the Applications;

5   WHEREAS, the parties have agreed to a process and schedule for submission

6   of the Applications, which takes into account the experience of the Crown Castle in

7   obtaining necessary approvals and plans for provision of facilities and services from

8   third party utilities over which neither party has control;

9   WHEREAS, the parties seek a stay of the Action ("Stay") to allow for the

10  Applications to be readied for a final decision by the City Council;

11  WHEREAS, the parties anticipate that the City Council will issue a final

12  decision on the Applications by no later than July 31, 2021; and

13  WHEREAS, should the litigation be reinstated pursuant to the Settlement,

14  Crown Castle expressly reserves its rights to expedited review pursuant to 47 U.S.C.

15  section 332(c)(7)(B)(v), and reserves all rights related thereto.

## STIPULATION

17  NOW, THEREFORE, IT IS HEREBY STIPULATED, by Crown Castle and

18  the Town, through their respective counsel, that:

19      1.   The stay in this proceeding is extended subject to this stipulation.

20      2.   Unless final action has been taken on the Applications, the parties will

21           submit a report to the court regarding the status of the settlement process

22           no later than March 31, 2021, which report will set out the date final

23           action is expected on the Applications.

24      3.   No later than twenty-four (24) days after the Town's final action on the

25           Applications, or if Town fails to take final action by the time required

26           under the Settlement, Crown Castle shall notify the Court of the action

27           taken on the Applications, and take such other action as is contemplated

28           under the Settlement.

4.     If litigation is to be reinstated or an amended complaint is to be filed, a schedule for further proceedings shall be proposed.

**IT IS SO STIPULATED**.

Dated:  June 29, 2020                    BEST BEST & KRIEGER LLP


                                        By:  /s/ Joseph Van Eaton

                                           JOSEPH VAN EATON
                                           GAIL A. KARISH
                                           Attorneys for Defendants
                                           TOWN OF HILLSBOROUGH and
                                           the CITY COUNCIL OF THE
                                           TOWN OF HILLSBOROUGH

Dated:  June 29, 2020                    NEWMEYER & DILLION LLP


                                        By:   /s/ Michael W. Shonafelt

                                           MICHAEL W. SHONAFELT
                                           Attorneys for Petitioner/Plaintiff
                                           CROWN CASTLE FIBER LLC

# EXHIBIT A

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

**SETTLEMENT AGREEMENT BETWEEN**
**THE TOWN OF HILLSBOROUGH AND CROWN CASTLE FIBER LLC**

This Settlement Agreement ("Agreement") is entered into as of the last signature date ("Effective Date") by and between the Town of Hillsborough, a California municipal corporation, and the City Council of the Town of Hillsborough, its governing body (collectively, "Town"), and Crown Castle Fiber LLC, ("Crown Castle") a New York limited liability company on its own behalf and as the successor-in-interest of Crown Castle NG West LLC (collectively, "Parties").

**RECITALS**

A.    Crown Castle constructs, owns, maintains and operates telecommunications networks serving Crown Castle's wireless carrier customers through fiber-fed small cell facilities in the public rights-of-way ("ROW") of the State of California.

B.    Crown Castle is a competitive local exchange carrier that holds a valid full-facilities-based certificate of public convenience and necessity ("CPCN") issued by the California Public Utilities Commission, and is the successor-in-interest to Crown Castle NG West, LLC which itself held a CPCN at the relevant times.

C.    On January 4, 2017, Crown Castle NG West, LLC submitted 16 applications for WCF permits pursuant to Chapter 15.32 (Wireless Communications Facilities) of the Hillsborough Municipal Code (HMC) for 16 antenna nodes for a fiber-fed small cell network in the Town's ROW, pursuant to its CPCN.  Separately, the company also requested, pursuant to Chapter 12.24 (Street Right-of-Way Improvements) of the HMC, two encroachment permits for underground and aerial fiber within the ROW to connect the 16 antenna nodes to form a ring comprising the small cell network ("Original Project").  Among other things, the Original Project was to consist of 16 antenna nodes located either on existing utility poles or new steel or wood poles in the ROW, along with other related equipment, including ground or pole-mounted radio boxes and power meters.

D.    On or about March 26, 2018, the City Council took final action when it voted to adopt a resolution denying the 16 WCF permit applications for the Original Project ("Denial Resolution").

E.    At all relevant times, including at the hearings on the 16 WCF permit applications for the Original Project and thereafter, Crown Castle NG West LLC contended -- and Crown Castle continues to contend -- that the Denial Resolution was unlawful under both state and federal law, including, but not limited to, sections 332(c)(7) and 253 of the federal Telecommunications Act of 1996 and California Public Utilities Code section 7901.  The Town, contends -- and continues to contend -- that the Denial Resolution was lawful, without limitation, under the HMC, state and federal law.

F.    On or about April 25, 2018, Crown Castle NG West LLC filed a complaint against the Town in the United States District Court, Northern District of California (case no. 3:18-cv-02473 JSC), challenging the Denial Resolution ("Action").

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

G.   Since August 2018, the Parties have entered into stipulations to stay the Action and have engaged in a court-supervised mediation in an effort to resolve their differences and settle the Action.

H.   In January and February 2019, the Town adopted Ordinance Nos. 751 and 754, updating Chapter 15.32 of the HMC, and also in January 2019, the Town adopted Resolution No. 19-03 adopting Council Policy No. 19-01 establishing location and design standards for wireless communications facilities and other infrastructure deployments ("New Regulations").

## SETTLEMENT AGREEMENT TERMS

In consideration of the Recitals set forth above, the terms and conditions of this Agreement and other valuable consideration, the adequacy of which is hereby acknowledged, the Parties agree as follows:

**1.**    **Revised Project:**  Crown Castle shall submit to the Town applications in accordance with Section 2 below for a revised version of the Original Project ("Revised Project").  The Revised Project shall be in substantial conformance with the facilities described in **Exhibit A** hereto.

**2.**    **The Revised Project Applications:**  No later than July 31, 2020, the Town shall prepare and present to Crown Castle a list of all requirements necessary to prepare complete applications under the New Regulations as the same may be amended  (which list shall include a form of agreement for use of Town-owned property for the placement of the WCF where applicable) ("Submittal Requirements").  No later than March 30, 2021, Crown Castle shall submit applications for the WCF Permits for the Revised Project, together with the required application fee or deposit, to the Town, based on the Town's Submittal Requirements ("Revised WCF Applications") and any objections to the form of agreement.  If Crown Castle fails to submit the Revised WCF Applications by the date in the preceding sentence, Crown Castle shall take all appropriate action to dismiss the Action, with prejudice, by April 6, 2021.  If Crown Castle is unable to present the Revised WCF Applications by the date herein, it may request an extension of the March 30, 2021 and April 6, 2021 dates, upon a showing of good cause ("Extension Request").  The City may not unreasonably deny the Extension Request.  Consistent with Section 9, the Parties may incorporate any revised deadlines through a simple letter agreement executed by the Parties' legal counsel of record.

**3.**    **Town Action on Revised WCF Applications:**

**3.1.**    **Process and Timing:**  Notwithstanding any provision of federal or state law, the Parties agree to the following procedures for consideration of the Revised WCF Applications.  Town may issue one notice of incompleteness ("NOI") to Crown Castle, if necessary, within ten days of submission of Revised WCF Applications for the Revised Project.  The NOI shall identify any materials identified in the list provided pursuant to Section 2 that were not provided.  Upon timely issuance to Crown Castle of the NOI, the time for action on the Revised WCF Applications will be tolled until Crown Castle submits a response to the NOI, clearly identified as such.  Town shall have sixty (60) days from submission of the Revised WCF Applications, or, if an NOI is timely issued, sixty (60) days from submission of the response to the NOI, to take

Page 2 of 9

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

Final Action on the Revised WCF Applications ("Negotiated Shot Clock"), without regard to whether, in the Town's view, the Revised WCF application is incomplete. "Final Action" means a final decision by the City Council on the Revised WCF Applications. Without limiting any other grounds the Town may have for denying a Revised WCF Application, nothing herein prevents the Town from denying one or more of such applications on the ground such application was incomplete.

**3.2.**   **Processing Fees**:  The Town may charge only "reasonable" fees for the processing of the Revised WCF Applications, as defined by applicable state and federal law.

**3.3.**   **Procedure for Other Permits**.  Notwithstanding any other provision of state or federal law, Crown Castle shall request any other permit that may be required from the Town for construction of the Revised Project (or if applicable the Altered Project as defined in Section 4.3) in accordance with this paragraph. If Town approves the Revised WCF Applications and Crown Castle files the dismissal as set forth in Section 4, below, Crown Castle may then file for any and all other permits required by the Town's code (HMC) to construct the Revised Project (or if applicable the Altered Project), as well as any permits required by HMC Chapter 12.24 for fiber installations in the rights-of-way to connect the approved nodes (collectively the "Other Permits").  Upon receipt of complete applications for the Other Permits, including any required processing fees, Town shall process these permits within 30 days of receipt of the application(s).  Crown Castle and the Town agree that time is of the essence in expediting the processing of the Other Permits for the Revised Project (or if applicable the Altered Project); both Parties shall exercise good faith efforts in collaborating on expediting the processing of the Other Permits for the Revised Project (or if applicable the Altered Project).

**3.4.**   **Action on Other Permits.**  Except as expressly provided herein, the Revised Project WCF Applications and Other Permits otherwise shall be subject to applicable state and federal laws and regulations in effect at the time of the processing of those applications.

**3.5.**   **Processing Fees**:  The Town may charge only reasonable fees for the processing of the Other Permits as defined by applicable state and federal law.

**3.6.**   **Stay of the Action:**  The Parties shall take any and all necessary steps to ensure that the Action is stayed pending a final action by the City Council pursuant to this Section 3.  If the Action is not stayed, each Party shall have the right to terminate this Agreement and to proceed with the Action, provided, a Party that wishes to terminate must notify the other that it is terminating the settlement within thirty (30) days of the denial of the stay.

**4.**   **Dismissal of the Action:**

**4.1.**   **Final Approval of All of the Revised WCF Applications:**  If the City Council issues a final approval of all the Revised WCF Applications pursuant to Section 3, above, Crown Castle shall take all appropriate action to dismiss the Action, with prejudice, within fourteen (14) days of that final approval ("Dismissal").  For the purposes of this Section 4.1, "final approval" means formal adoption of a resolution by the City Council approving the Revised WCF Applications for the Revised Project, as submitted to the Town in the Revised WCF Applications.  Crown Castle shall provide appropriate notice of the dismissal to the Town.

61236.03001\32942001.3

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

**4.2.**   **Denial of All of the Revised WCF Applications:**  If the City Council denies all of the Revised WCF Applications, Crown may either appeal that denial of the Revised WCF Applications to a court of competent jurisdiction, in which case, it must take appropriate action to dismiss the Action, with prejudice as to the Original Project; or it may choose to pursue the Action as to the denial of the Original Project.  Crown shall notify Town of its election in this regard within ten (10) days of the final action on the Revised WCF Applications, and take any action to dismiss the Action or amend the pending Action's complaint or file a new complaint within fourteen (14) days of the election.

**4.3.**   **Approval of Part or Conditioning Approval of All or Part of the Revised WCF Applications.**  If the City Council adopts a resolution approving some but not all of the Revised WCF Applications as submitted, or approving some or all of the Revised WCF Applications in a form that in any respect modifies the WCFs as proposed in the Revised WCF Applications ("Altered Project"), Crown Castle may elect to do one of the following:  (a) reject the Altered Project and proceed with the Action as to the Original Project; (b) accept the approval of the Altered Project; or (c) to challenge the Altered Project in whole or in part. Crown Castle shall notify the City of its election within ten (10) days of the date of the final action approving some but not all of the Altered Project.  If Crown Castle chooses option (a), any and all final actions approving the WCF Applications are null and void, and the Parties shall proceed as if the applications had never been filed. If Crown Castle chooses option (b), it must, within fourteen (14) days of the election, take any and, all appropriate action to effect the Dismissal as provided in paragraph 4.1.  If Crown Castle choose option (c), it must do so within fourteen (14) days of the election, either by amending the pending Action's complaint so that only the resolution adopting the Altered Project is challenged; or by filing a new complaint, and dismissing the pending Action's complaint with prejudice as to the Original Project.

**4.4. Town Response.** Town shall file its responsive pleading within twenty (20) days of either (1) Crown Castle's election to pursue the Action; or (2) twenty (20) days after the date Crown Castle files an amended or new complaint.  For purposes of any challenge to action on the Revised WCF Applications, the applications shall be treated as if they had been submitted to the Town outside the context of this Agreement and the Action, except that, if the Town acts upon the Revised WCF Applications within the periods provided herein, Crown Castle waives any and all rights or remedies it may have to assert that the Town failed to act on the Revised WCF Applications within a reasonable period of time as required by 47 USC 332(c)(7)(B)(ii) or that the Revised WCF Applications should be deemed approved under state or federal law.

**5.**   **Town Discretion:**  Nothing in this Agreement shall be deemed to constrain or otherwise limit the discretion of the City Council to approve, deny, or approve with conditions, the Revised WCF Applications, nor shall the exercise of the City Council to deny or modify the Revised Project or to approve an Altered Project be deemed to give rise to a breach of this Agreement.

**6.**   **Scope of Dismissal**:  The Dismissal applies only to the Action and the facts alleged therein.  The Parties anticipate that Crown Castle may seek future approvals of other, different wireless telecommunications infrastructure in the Town ("Future Applications"). Crown Castle understands that any such Future Applications shall be subject to the Town's then-existing, lawful ordinances, permits, codes and/or regulations, as well as then-existing state and

Page 4 of 9

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

federal law.  For the avoidance of doubt, the Parties  intend for the Dismissal to preclude any right to submit Future Applications, and to seek judicial, administrative and/or regulatory remedies related to or arising from any Future Applications, for WCFs specifically at those node locations featured in the Original Project but not featured among the locations approved as part of approval of the Revised Project or the Altered Project ("Barred Future Applications"). Other than the Barred Future Applications, the Parties do not intend for the Dismissal to preclude any right to submit Future Applications, or to seek judicial, administrative and/or regulatory remedies related to or arising from any such Future Applications. Accordingly, subject to the foregoing, the Parties shall not seek to raise a defense or bar to any such Future Applications other than Barred Future Applications based on this Agreement, including, but not limited to, a defense or bar based on res judicata, breach of contract, and/or collateral estoppel and do not intend the mutual releases to apply to Future Applications other than Barred Future Applications.

7.     **Mutual Release:**  Upon effecting a Dismissal, as outlined in Section 4, above, the Parties agree as follows:

7.1.     Each Party hereto, and its respective employees, representatives, agents, related entities, officers, directors, shareholders, members, partners, predecessors, insurers, attorneys, administrators, councilmembers, officials, successors and assigns, does hereby fully and forever completely release, acquit and discharge the other Party and its respective employees, representatives, agents, related entities, officers, directors, shareholders, members, partners, predecessors, insurers, attorneys, administrators, councilmembers, officials, successors and assigns, from any and all damages, claims, actions, disputes, demands, losses, liens, written contracts, costs, expressed and/or implied warranty obligations, attorneys' fees, costs, actions, causes of action, and liabilities of whatever kind and nature arising from or related to, the Action. To remove any doubt, claims and defenses in *Crown Castle NG West, LLC v. Hillsborough,* Superior Court of California, No. 18CIV05650, filed October 18, 2018, ("State Action") are not released, and notwithstanding any other provision herein, the Parties retain their entirety of their claims and/or defenses in the State Action.

7.2.     The Parties acknowledge a risk that, after the execution of the Agreement, the Parties may manifest new loss or injury, the scope, location, and character of which are unknown and/or not discovered at the time the Agreement is signed.  There is a risk that the damage presently known may now be or may become more serious than is now known, understood, expected or anticipated.  Accordingly, the Parties shall, and do hereby assume the above-mentioned risks and all other risks associated with the Action.  The Parties are aware, and have been advised by their attorneys, of the provisions of Civil Code section 1542 ("Section 1542"), which provides:

> A general release does not extend to the claims that the creditor or releasing Party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released Party.

The Parties voluntarily and with full knowledge, waive and relinquish any and all rights that they may have under Section 1542 as to the Action, as well as under the provisions of all comparable,

Page 5 of 9

61236.03001\32942001.3

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

equivalent or similar statutes and principles of common law or other decisional law of any and all states of the United States.

**7.3.**   Notwithstanding the waivers contained in this Section 7 and its subsections, no Party intends for the waiver contained herein to apply to any damages, claims, actions, disputes, demands, losses, liens, written contracts, costs, expressed and/or implied warranty obligations, attorneys' fees, costs, actions, causes of action, and liabilities of whatever kind and nature that may arise from or be related to any Future Applications allowed under the terms of Section 6.

**8.**   **Costs:**  The Parties agree to bear their own fees and costs in consideration of the settlement entered by this Agreement, subject to Section 3.2.

**9.**   **Entire Agreement:**  The Agreement constitutes the full and entire agreement among the Parties with respect to the Action, superseding all prior agreements, negotiations and discussions among the Parties related to the Action and the facts alleged therein, and the Parties acknowledge that there is no other agreement, oral or written, regarding the subject matter of the Agreement.  The Agreement may not be modified, except by a written instrument executed by each of the Parties, including any letter agreement to extend the deadlines, as provided in Section 2, above.  Such modifications may be presented through the Parties' respective counsel-of-record.

**10.**   **Final Agreement:**  The Parties acknowledge that: (a) the Agreement and its reduction to final form is the result of good faith negotiations among the Parties through their respective counsel; (b) the Parties' counsel have reviewed and examined the Agreement before execution; and (c) the Parties agree that this Agreement is the project of joint draftsmanship and that should any of the terms be determined by a court, or in any type of quasi-judicial or other proceeding, to be vague, ambiguous and/or unintelligible, that the same sentences, phrases, clauses or other wording or language of any kind shall not be construed against the drafting Party in accordance with California Civil Code Section 1654, and that each Party to this Agreement waives the effect of such statute.

**11.**   **No Admission:**  This Agreement is the result of a compromise and shall never, at any time for any purpose, be considered as an admission of liability or responsibility on the part of any Party herein released, nor shall the release of any claims or waiver of costs in consideration of the execution of the Agreement constitute or be construed as an admission of any liability whatsoever by any Party herein released, who denies such liability and disclaims such responsibility.  No dismissal filed in conjunction with the Agreement shall constitute a favorable or prevailing result for any Party.

**12.**   **Notices:**  Any notice which shall or may be given pursuant to this Agreement shall be in writing and personally served or by private overnight delivery systems, postage prepaid, with an emailed copy to the following address or such other address of which a Party may give written notice:

Town:

Page 6 of 9

61236.03001\32942001.3

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

Ann Ritzma
City Manager
Town of Hillsborough
1600 Floribunda Avenue
Hillsborough, CA 94010
ARitzma@hillsborough.net

With a copy to:

Christopher Diaz
City Attorney, Town of Hillsborough
Best Best & Krieger
2001 North Main St.,
Suite 390
Walnut Creek, CA 94596
Tel: (925) 977-3300
Fax: (925) 977-1870
christopher.diaz@bbklaw.com


Crown Castle:

Crown Castle Fiber LLC
Teddy Adams
1220 Augusta Dr. # 500
Houston, TX 77057
Teddy.adams@crowncastle.com

With copy to:

Michael W. Shonafelt
Newmeyer & Dillion LLP
893 Dove Street, Fifth Floor
Newport Beach, CA 92660
Michael.shonafelt@ndlf.com

Any notice required or provided for under this Agreement shall be deemed served at the time of personal service. Overnight delivery notices will be deemed served as of the day of delivery. The emailed copy is not considered in determining when notice is deemed served.

**13. Binding Effect:** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, legal representatives, successors, assigns and transferees.

**14. Severability.** If any one or more of the provisions of this Agreement shall be held by a court of competent jurisdiction in a final judicial action to be void, voidable, or unenforceable, such provision or provisions shall be deemed separable from the remaining

Page 7 of 9

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

provisions of this Agreement and shall in no way affect the validity of the remaining portions of this Agreement.

**15.     Governing Law**.  This Agreement shall be interpreted and enforced according to, and the Parties' rights and obligations governed by, the domestic law of the State of California, without regard to its laws regarding choice of applicable law.  Any proceeding or action to enforce this Agreement shall occur in the federal court with jurisdiction over San Mateo County and/or the state courts located in San Mateo County, California.

**16.     Captions and Paragraph Headings:**  Captions and paragraph headings used herein are for convenience only. They are not a part of this Agreement and shall not be used in construing this Agreement.

**17.     Exhibits:**  All Exhibits referenced in this Agreement are hereby incorporated as though set forth in full herein.

**18.     Execution in Counterparts:**  This Agreement may be executed in one or more identical counterparts and all such counterparts together shall constitute a single instrument for the purpose of the effectiveness of this Agreement.

**19.     Representations and Warranties:**

**19.1** Crown Castle represents and warrants that it is the successor-in-interest of Crown Castle NG West LLC, and in that capacity it has the authority to release all claims it may have, and that Crown Castle NG West LLC has or may have had against Town, as reflected in the reference to "predecessors" in the release in Section 7 above.

**19.2** Each Party represents that it has authority to enter into this Agreement and the right and authority to compromise, settle, release and discharge all of the claims released herein.

**19.3** In executing this Agreement, each person executing this Agreement further represents and warrants that they have the authority to bind their respective entities.

**[signature pages follow]**

61236.03001\32942001.3

DocuSign Envelope ID: 681A9347-D5B9-48DC-8898-6A93FF9436B4

**IN WITNESS WHEREOF**, the Parties have signed this Agreement as of the dates shown below.

Town of Hillsborough, CA, a municipal corporation

Crown Castle Fiber LLC, a New York limited liability company

By: _Maund M. Christianson_
Mayor - Town of Hillsborough

DocuSigned by:
B _Rod Hanson_
  ─3411F7D86BF24AC...
Name: Rod Hanson

Title: VP/General Manager

Dated: _June 11, 2020_

Dated: _5/28/2020 | 2:59:32 PM EDT_

ATTEST:

City Clerk

APPROVED AS TO FORM:

APPROVED AS TO FORM:

_____
City Attorney

Attorneys for Crown Castle Fiber LLC
Michael W. Shonafelt

Page 9 of 9

61236.03001\32942001.3

**IN WITNESS WHEREOF**, the Parties have signed this Agreement as of the dates shown below.

| | |
|---|---|
| Town of Hillsborough, CA, a municipal corporation | Crown Castle Fiber LLC, a New York limited liability company |

By:_____

By: _Rod Hanson_
      DocuSign by:
      3411F7D86BF24AC...

Name: Rod Hanson

Title: VP/General Manager

Dated: _____

Dated: 5/28/2020 | 2:59:32 PM EDT

ATTEST:

_____

City Clerk

APPROVED AS TO FORM:

_____

City Attorney

APPROVED AS TO FORM:

_____

Attorneys for Crown Castle Fiber LLC
Michael W. Shonafelt

61236.03001\32942001.3



NEWMEYER DILLION

NEWMEYER & DILLION LLP
895 DOVE STREET
FIFTH FLOOR
NEWPORT BEACH, CA 92660
949 854 7000

June 8, 2020

Michael W. Shonafelt
Michael.Shonafelt@ndlf.com

**VIA E-MAIL**

Gail Karish
Best, Best & Krieger LLP
300 South Grand Ave.,
25th Floor
Los Angeles, CA 90071
gail.karish@bbklaw.com

<u>Crown Castle v. Town of Hillsborough, Case No. 3:18-cv-02473 JSC</u>

This office continues to represent Crown Castle Fiber LLC, successor-in-interest to Crown Castle NG West LLC ("Crown Castle") with respect to the above-referenced action ("Action").

This letter ("Letter Agreement") is intended to memorialize an agreement between Crown Castle and the Town of Hillsborough ("Town") regarding the "Revised Project," as defined in Section 1 of that certain settlement agreement between Crown Castle and the Town, executed by Crown Castle on May 28, 2020, and by the City Council of the Town of Hillsborough on June 8, 2020 ("Settlement Agreement").

Crown Castle and the Town intend for this Letter Agreement to be effected pursuant to Section 9 of the Settlement Agreement.  Specifically, Crown Castle and the Town agree as follows (all terms in quotes are as defined in the Settlement Agreement):

1.   In the event the Town issues a "final approval" of the "Revised Project," pursuant to Section 4.1 of the Settlement Agreement;

*or*

2.   In the event the Town issues a "final approval" of the "Altered Project" pursuant to Section 4.3 of the Settlement Agreement, *and* Crown Castle accepts theTown's approval of the "Altered Project" pursuant to option "b" of Section 4.3;

*then*,

Gail Karish
June 8, 2020
Page 2

3.    Crown Castle agrees that, for a period ending two (2) years from the
      date(s) of its submission of "Revised WCF Applications" for zoning
      approval applications to the Town, pursuant to Section 2 of the Settlement
      Agreement, for either the Revised Project or Altered Project, whichever is
      approved and accepted, Crown Castle will not seek approval of an
      "Eligible Facilities Request" for any facility that is included in the Revised
      Project or Altered Project.

4.    "Eligible Facilities Request," as used herein, is the same term used in
      section 6409 of the Middle Tax Relief Act of 2012, Pub. L. No. 112-96, §
      6409(b), 126 Sta. 156 (2012) ("Section 6409") as interpreted or further
      defined by regulations issued by the Federal Communications
      Commission regarding Section 6409.[1]

If the terms of this Letter Agreement are acceptable to you, please have this Letter
Agreement executed by the appropriate representative of the Town and send a copy of
the signed Letter Agreement to me.  Otherwise, feel free to call me if you have any
questions.

Very truly yours,

*Michael W. Shonafelt*

Michael W. Shonafelt

**ACCEPTED AND AGREED TO:**
**Town of Hillsborough:**

By: _Sharon Christianson_

Name: _Sharon Christianson_

Title: _Mayor - Town of Hillsborough_

Date: _June 11, 2020_

cc:    Joseph Van Eaton, Esq.

---

[1] See, e.g., *Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Policies*, WT
Docket No. 13-238 and 13-32, WC Docket No. 11-59, Report and Order, 29 FCC Rcd 12865

Gail Karish
June 8, 2020
Page 3